State vs. Green.

## No. 9033.

### THE STATE OF LOUISIANA VS. WILLIAM GREEN.

| 36 | 185 |
| 104 | 446 |
| 104 | 601 |
| 36 | 185 |
| 109 | 604 |
| 36 | 185 |
| 111 | 483 |
| 36 | 185 |
| 112 | 340 |

The object of a formal bill of exceptions is to apprise the appellate court of what has been deemed exceptionable and the grounds therefor. Where therefore no grounds are set out in the bill, there is nothing upon which the court can act.

The trial judge has always had, and always exercised, the right to question witnesses either for the State or the defense.

A motion in arrest of judgment lies only for defects apparent on the face of the record. A defect which appears only by the aid of testimony cannot be the subject of a motion in arrest.

APPEAL from the Sixth District Court, Parish of Morehouse. *Brigham*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*Todd & Todd* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. From a conviction of larceny and sentence to hard labor for six months the defendant appeals.

The first bill of exceptions states that the prosecuting officer asked a witness if it was not a fact that one Charles Biglow, who was found in possession of the property stolen, had made an affidavit against the defendant, under which he had been arrested, and that the counsel for the prisoner objected to the question, and his objection was overruled.

The object of a formal bill of exceptions is to apprise the appellate court of what has been deemed exceptionable, and the reasons why it is so, in other words the grounds of objection to the action or ruling of the trial court. Nothing whatever is stated in this bill except the fact that the defendant objected to the question, and we do not therefore know from the bill what objection was urged, and can conceive of no serious objection to such an unimportant question. State vs. Red., 32 A. 819.

The second bill is to a question addressed to a witness by the judge, and the ground of objection is that the judge has no right to interrogate witnesses in behalf of the State, and should not ask such questions as might prejudice the accused with the jury.

The judge takes pains to explain that a question asked of a witness and his answer thereto was not fully heard by him, and his question had for its object the better understanding of what had been asked and answered, but even without this explanation the objection is frivolous.

The trial judge has always had and always exercised the right to examine witnesses. Roscoe Crim. Ev. 164. Indeed there was a time when no one else could ask questions on behalf of the accused. Counsel was not allowed one accused of crime, and the judge oftentimes *in favorem humanitatis* would check the ardor of a zealous witness by searching questions that revealed glimpses of a successful defense. The judge has not to sit as an automaton. He can ask proper legal questions within proper legal limits. He is impartial from the responsibility of his position and from judicial habit. He has to take care that neither party shall suffer unlawfully, for it is a mistake to suppose that there is but one party interested in a criminal prosecution. The State has rights no less sacred than the accused, and the judge has both of them in his keeping.

The motion in arrest is on the ground that the accused was not indicted at a regular jury term, because the terms had not been charged in any manner permitted by the statutes, and this called jury term had not been ordered legally.

It is sufficient answer to say that the objections come too late. It is very old criminal law that a motion in arrest lies only for defects apparent on the face of the record. 1 Chitty Crim. Law, 661; State vs. Nolan, 8 Rob. 513; State vs. Harris, 30 A. 90; State vs. Chandler; just decided. A defect that appears only by the aid of testimony cannot be the subject of a motion in arrest.

Judgment affirmed.

Justice Todd concurs in the decree.