## M. B. LEACH V. THE STATE.

### No. 2819. Decided June 22, 1904.

**1.—Indictment—Venue—Embezzlement.**

Where the indictment alleged that .appellant in the county and State aforesaid, referring to the State of Texas, county of B., previously mentioned, was the agent of D., a private person, and that he as such agent did then and there unlawfully and fraudulently embezzle, etc., the venue was sufficiently averred.

**2.—Evidence—Variance—Ownership.**

Where the indictment for embezzlement alleged the ownership in Mrs. L. D., and the proof showed it to be the property of her minor children, of whom she was guardiam under the order of the court, there was no variance between the allegation and the proof.

**3.—Evidence—Matters Drawn Out by Defendant.**

Where evidence which might have been objectionable was either drawn out by the defendant, or admitted without objection, there was no error in refusing to exclude it.

**4.—Same—Extraneous Crimes.**

Where appellant is charged with embezzling certain funds, the misapplication of other funds from the same person, about the same time. may be admitted in evidence to show system and intent, and to develop the res gestae.

**5.—Charge of the Court.**

Where the appellant admitted obtaining different sums of money, including that alleged in the indictment, but strenuously denied any guilty intent. it was error to charge the jury that the State had introduced evidence tending to prove embezzlement of other money and that they could only consider such evidence to show the intent with which he acted with respect to the money for the embezzlement of which he was then on trial. and that they could not convict him for the embezzlement of any other money than that named in the indictment, as it assumed that this evidence tended to show the embezzlement of other money.

**6.—Evidence—Check—Money.**

Where the indictment ₒalleged that the defendant as the agent of D. received certain money from his principal and embezzled the same, and the proof shows that the principal gave him a check which he cashed at the bank, there was no variance between the allegations and the proof as to the character of property embezzled.

Appeal from the District Court of Bexar. Tried below before Hon. Edward Dwyer.

Appeal from a conviction of swindling; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Brown & Linden* and *Will A. Morris*, for appellant.—The indictment alleges that on or about August 20, 1903, in the county and State aforesaid, appellant was the agent of Mrs. Loraine Dean, a private person, and the said M. B. Leach, as such agent, did then and there, etc. Appellant moved to quash because venue was not alleged, which motion the court overruled. Code Crim. Proc., art. 439, subdiv. 5; Collins v. State, 6 Texas Crim. App., 647; Eylar v. State, 37 Texas Crim. Rep., 257; Mohan v. State, 60 S. W. Rep., 552, 1 Texas Ct. Rep., 507.

The indictment having alleged the embezzlement by defendant of moneys from Mrs. Loraine Dean, evidence that she is the guardian of her minor children was irrelevant and immaterial.

The indictment alleged the embezzlement from Mrs. Dean, a private person. Mrs. Dean testified for the State, over defendant's objections, that she was the guardian of her minor children, to which defendant excepted. It will be noted that the indictment nowhere alleges that Mrs. Dean held this money in the capacity of guardian; yet the State undertook to prove that she was guardian of her minor children and held the money as such. Following the strict rule in criminal practice, certainly the State was not entitled to make this proof without any allegation in the indictment to support it.

The witness Mrs. Loraine Dean testified that she delivered to the defendant a draft or check for $2500, having previously indorsed same, and that she delivered no money to him. It was a draft or check.

The court admitted evidence of defendant's having, on two occasions distinct from that wherein he obtained from prosecutrix the money for the alleged embezzlement he was on trial, gotten other moneys from prosecutrix (about July 7, 1903, $1800 and about July 28, 1903 $2500), and of his having appropriated these moneys, as well as the $2500 involved in the case at bar, to his own uses. The court, referring to this evidence, instructed the jury: "In this case the State has introduced evidence tending to prove the embezzlement of other moneys belonging to Mrs. Dean than that alleged in the indictment to have been embezzled." He then instructs the jury for what purposes they may consider this testimony. Defendant assigned this error in his motion for new trial. Cortez v. State, 8 Texas Ct. Rep., 27; Cavaness v. State, 8 Texas Ct. Rep., 27; Reese v. State, 5 Texas Ct. Rep., 34; Hudson v. State, 4 Texas Ct Rep., 167; Sante v. State, 37 S. W. Rep., 436.

*Howard Martin*, Assistant Attorney-General, and *R. C. Walker*, for the State.—The money was sufficiently described. Berry v. State, decided April 27, 1904; Malcolmson v. State, 25 Texas Crim. App., 267. The venue was properly alleged. Satterwhite v. State, 6 Texas Crim. App., 609.

It is immaterial that the money embezzled belonged to prosecutrix as guardian of her minor children. She had the qualified ownership with the right to control the money. Leonard v. State, 7 Texas Crim. App., 417; Riley v. State, 32 Texas, 764.

DAVIDSON, PRESIDING JUDGE.—The indictment charged appellant in the first count with the embezzlement of $2500, the property of Mrs. Loraine Dean; and the second, with the theft of the same property. The conviction was under the first count, the penalty assessed being ten years in the penitentiary. Motion was made to quash the indictment because the venue was not properly alleged. This criticism is hyper-critical. It does charge that appellant, "in the county and State aforesaid," referring to the State of Texas and county of Bexar, pre-viously mentioned, was the agent of Mrs. Loraine Dean, a private person, and that appellant as such agent did then and there unlawfully and fraudulently embezzle and fraudulently misapply, etc.

It is contended there is variance between the allegations and the proof on the charge of embezzlement, in that the property or money embezzled was the property of the two children of Mrs. Dean, of whom she was guardian under the order of the court. Embezzlement partakes largely of the qualities and nature of theft, in that it is a peculiar way of converting money obtained by virtue of a trust relation—the fraudu-lent idea pervades embezzlement as it does theft. The difference mainly in the two offenses consists in the manner of obtaining possession of the property and the time the fraudulent intent was conceived. So far as the violation of these two statutes, from a criminal standpoint, the ownership is practically the same. Leonard v. State, 7 Texas Crim. App., 417.

There are quite a number of exceptions taken and errors urged growing out of this supposed variance on account of allegation of own-ership, in regard to the introduction of testimony and charge of the court as given, and special instructions refused. We do not care to discuss this phase of the record. We hold ownership properly alleged and there was no variance.

Evidence was introduced showing that appellant obtained $1800 from Mrs. Dean at Temple; that as her agent he cashed a note at the bank, or at least the note was cashed and this money passed into his hands as the agent of Mrs. Dean. This property was acquired by her husband before his death. There was also evidence introduced in regard to $1500 that passed into appellant's hands from Mrs. Dean, which was received on the life insurance policy of her deceased husband. The money alleged to have been embezzled was her children's portion of a sum that was realized in a damage suit against the railroad, causing the death of her husband. It is urged as error that the other sums of money not alleged were admitted in evidence. The $1800 transaction was drawn out by appellant on the cross-examination of Mrs. Dean. The $1500 transaction was testified to by Mrs. Dean without objection, until later during the trial, while appellant was on the stand testifying in his behalf, as we understand this record. As presented there was no error in admitting this evidence. It was the contention of the State that appellant, acting as the agent of Mrs. Dean, received all these moneys to be loaned; and that appellant, after receiving Mrs. Dean's

money, informed her that he had loaned it to Mr. Foster; that he purposed lending the money of the children to a milling company, situated in the city of San Antonio. Subsequently he informed her that the money had been so loaned. He did not in fact lend any of the money to any of the parties, but after obtaining it converted it to his individual use, disposing of it to a large extent in leading a fast life and gambling in futures, and various other ways; all of which was for his own personal use and benefit. That all these transactions were a part and parcel of a scheme running through all the transactions to obtain and appropriate her money. Appellant's statement of the matter is that he confided to Mrs. Dean his hopes and aspirations along financial lines, especially in regard to organizing and putting into operation a fire insurance company, and to aid him she loaned him this money. Defendant admits that it was not spent in that direction, but in the manner indicated above. If the State's theory is right, it develops, if appellant obtained the money as her agent and subsequently embezzled it, he would be guilty under the first count; and all of this money received from the beginning of his schemes to the embezzlement and appropriation would be evidence against him. Wherever evidence of extraneous matter shows a system and is necessary to develop the res gestae or intent, it is admissible; and this evidence comes within that category. Of course, if he obtained the money as an ordinary loan under no fraudulent pretext or with no fraudulent intent at the time he obtained it, he would not be guilty of embezzlement or theft.

The court charged the jury as follows: "In this case the State has introduced evidence tending to prove the embezzlement of other money belonging to Mrs. Loraine Dean than that alleged in the indictment to have been embezzled. You are instructed that you can only consider said testimony for the purpose for which it was admitted, that is, to show the intent with which defendant acted with respect to the money for the embezzlement of which he is now on trial, and you will consider it for no other purpose, for you can not convict defendant for the embezzlement of any other money than that named in the indictment." Exception was reserved to this charge. The exception is well taken. This charge has been criticised frequently, and held to be on the weight of the testimony and fatal to the judgment. Santee v. State, 37 S. W. Rep., 436; Hudson v. State, 4 Texas Ct. Rep., 167; Reese v. State, 5 Texas Ct. Rep., 34; Cavaness v. State, 8 Texas Ct. Rep., 27; Cortez v. State, 8 Texas Ct. Rep., 27. While appellant admitted obtaining the money, his admission and his testimony would exculpate him from any fraudulent purpose or design in securing it, for if true he simply borrowed it. Therefore, this charge can not be brought within the rule laid down in the Elizandro case, 31 Texas Crim. Rep., 237. He most strenuously denied any guilty intent in obtaining this money, or any guilty purpose of embezzling it. His claim being that he borrowed the money; that it was an ordinary loan; and having obtained the possession of the money had a right to use it as he saw proper. This

being true, he could not have embezzled it. Therefore, the court was not authorized to assume and charge the jury that this evidence tended to show the embezzlement of other money. Embezzlement of other moneys was a fact, like the main fact, to be found by the jury under appropriate instructions.

It is contended by appellant that if there was any conversion it was of the check and not the money called for in the check. The evidence for the State shows that Mrs. Dean constituted appellant her agent to collect the money and loan it to the milling company, and to this end indorsed the check to appellant; that appellant did collect the money by virtue of these transactions, and subsequently converted it to his own use. The scope of his agency under these facts was to loan this money when collected on the check; and it was for the purpose of collecting and loaning the money that she indorsed the check, and for this purpose and to this end she constituted him her agent. Since the money passed into his hands under the terms of this agency, it was under his control as her agent and for the purpose of loaning. This was the State's case; and this would be sufficient to justify a verdict for the conversion of the money instead of the check. There was no evidence showing that he handled the check for any other purpose than for collection as her agent, except his own testimony. Of course, if he borrowed the money as he claims, there was no conversion of the check or money; it became his property as soon as the check was transferred, and he had a right to do with it as he pleased, so far as the criminal law is concerned. We do not believe there was any variance between the allegations and the proof in regard to this matter.

For the error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*