(90 South. 409)

No. 24913.

## STATE v. SIKES.

(Nov. 28, 1921.   Rehearing Denied Jan. 2,
1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⟨⟩903—Defendant, by agreeing to proceed with the trial, waived right to dismissal of jury because of commingling of accepted jurors with unaccepted jurors during recess.**

The defendant, having agreed to proceed with the trial on court's offer to discharge jury because unaccepted jurors had been permitted to associate with accepted jurors during a period of five or ten minutes during a recess of the court, to enable sheriff to summon talesmen, waived whatever rights he might otherwise have had, and could not complain of the commingling of the accepted jurors with the unaccepted jurors on appeal.

2. **Criminal law ⟨⟩939(4)—Denial of motion for new trial for newly discovered evidence proper, where defendant discovered evidence during trial without moving for postponement.**

Denial of motion for new trial on ground of newly discovered evidence *held* proper, where defendant discovered such evidence during the trial and did not move for a postponement until the witness could arrive.

3. **Criminal law ⟨⟩972—Motion in arrest of judgment requiring proof dehors the record properly overruled.**

Motion in arrest of judgment requiring proof dehors the record to sustain it was properly overruled.

Appeal from Second Judicial District Court, Parish of Webster; Robert Roberts, Jr., Judge.

Lee Sikes was convicted of manslaughter, and he appeals. Affirmed.

L. K. Watkins, of Minden, for appellant. A. V. Coco, Atty. Gen., R. H. Lee, Dist. Atty., of Minden (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J.   Defendant was charged with murder, convicted of manslaughter, and prosecutes this appeal, relying upon the issues raised in three bills of exception for reversal, to wit:

### Bill No. 1.

[1] The facts recited in this bill are that, when six of the twelve jurors necessary to try the case had been accepted and sworn, five veniremen were called to the box and a recess of court taken to enable the sheriff to summon talesmen. The accepted jurors and the veniremen were taken to the jury room, some 20 feet distant from the courtroom, and kept together 5 or 10 minutes. After the recess, when the accepted jurors and veniremen were brought into court, counsel for accused—

"called the court's attention to the fact that unaccepted jurors had been associated with those who had been accepted and sworn. It was within a few minutes of the time of recess, and, upon announcement of the noon recess of an hour and a half, the court suggested to defendant's counsel that he investigate as to misconduct, and, if there were any, the court would discharge the jury. Upon the reconvening of court the court again suggested its willingness to discharge the jury if there had been or could be shown to have been any misconduct. The court made the specific suggestion to counsel that, if any error had been committed, then was the time to correct same, rather than have the parish put to the expense of a new trial after having already gone through with one trial, but counsel declined to avail himself of the court's suggestion and preferred to proceed with the trial of the case. In the court's opinion there was no prejudicial conduct, and this court did not feel called upon to discharge the jury of its own motion."

It will thus be seen that, although counsel for the defense called the court's attention to the commingling of accepted jurors with unsworn veniremen, he at no time asked the court, either orally or formally, by motion, to discharge the jury, "but preferred to proceed with the trial" to making the investigation which the court suggested. It was his duty to seriously and expressly ask of the court the relief which he sought and to have

'it rule thereon. Non constat that, if formal motion to discharge had been made, the court would have, upon argument and citation of authority, with a reasonable opportunity to consider the matter, sustained the present contention. However, this was not done, the defendant, according to the bill, preferring to proceed with the trial, and there was therefore nothing upon which the court did or could rule. Defendant took his chance of acquittal, and must be held to have waived whatever rights he might otherwise have had. La. Dig. vol. 2, p. 710, verbo Crim. Law, §§ 514 and 515.

In the case of State v. Craighead, 114 La. 84, 38 South. 28, the judge ordered the accepted and sworn jurors confined with the unaccepted veniremen overnight, and at ' that very instant counsel for Craighead objected to the order so given, but the court overruled his objection and had the order executed. A bill was retained to the ruling and the matter properly presented for this court's consideration. In this respect that case was quite different to the one now before the court.

### Bill No. 2.

This bill was reserved to the overruling of the motion for a new trial. The motion, in addition to the pro forma ground that the verdict was contrary. to the law and evidence, was based upon the matter urged in bill No. 1, and upon alleged newly discovered evidence.

In so far as it rested upon the complaint presented in the first bill, we think the same was without force, for the reason that it came too late after verdict, not having been properly urged when it should have been.

[2] The record shows that the alleged newly discovered evidence was not, in fact, newly discovered, in the sense of the law. On the contrary, the motion itself recites that the defendant learned during the trial that one Whittaker would testify that on the day of the homicide he saw the deceased, "that he seemed to be drinking, and said he was going to Lee Sikes and whip him or get whipped, and that he, your affiant, tried to persuade him not to attempt such a thing and to keep away from Lee Sikes' house, but he could do nothing with him" (quoting from the affidavit of the witness) ; that a summons was issued for the said witness, but he failed to arrive before the case was closed. Here, again, we think the defendant failed to avail himself of the remedies which the law contemplated. He should have made the necessary motion for the postponement of the trial until the witness could arrive, and, being refused, reserved the proper exception, rather than to have permitted it to be closed without objection. The law contemplates a reasonable and serious assertion on the part of an accused person of his rights; he cannot sit by and allow the processes of the court to proceed without such assertion and objection, and then avail himself of such matters after conviction.

We find no error in the ruling on this bill.

### Bill No. 3.

[3] Bill No. 3 was reserved to the overruling of the motion in arrest of judgment. The only matter set up therein was that with regard to the jury covered by bill No. 1, and since it involved nothing appearing upon the face of the record and required proof dehors the record to sustain it, the same was properly overruled by the court below.

For the reasons assigned, the judgment appealed from is affirmed.