LAND, J.
 

 Defendant was convicted and sentenced for having in his possession for sale for beverage purposes intoxicating liquor, to wit, whisky. The case is before us on four bills of exceptions.
 

 Bill of Exceptions No. 1.
 

 This bill was reserved to the introduction of certain testimony offered by the state, relative to the finding by the police officers of several empty bottles under the counter of the soft drink stand in which defendant was employed at the time.
 

 The objection of the defendant to the admissibility of this testimony is based upon the ground that no reference was made to it in the bill of particulars furnished, and that defendant was thereby deprived of the opportunity to properly prepare his defense with respect to such testimony. .The trial judge states in the per curiam to this bill that — •
 

 “He (defendant) was arrested behind the counter in a soft drink stand, where he admitted he had waited on customers and otherwise acted as clerk. The state proved that he was a clerk in the place. The whisky was found in a flask on his person. The oflicers also found and took into custody several empty bottles, resembling the bottle in which the whisky was contained, which empty bottles smelled of whisky and showed other evidence of having lately contained whisky. They were concealed on a shelf under the counter and could easily have been placed there by the accused. In view of the opinion rendered by the Supreme Court in State v. Coco, 152 La. at page 254, 92 So. 883, the court admitted the empty bottles in evidence and the testimony of the arresting officers identifying same.”
 

 In State v. Coco, 152 La. 254, 92 So. 883, the court held that in a trial for possessing whisky for beverage purposes, evidence that a number of jugs having the odor of whisky were found in defendant’s store was admissible to corroborate the arresting officer’s testimony as to finding of whisky in the store.
 

 This
 
 testimony
 
 was
 
 clearly
 
 admissible for the purpose for which it was offered.
 

 The prosecuting officer is not required to set out in his answer to the application for a bill of particulars the testimony upon which the state may rely for conviction. All of the particulars requested by defendant were furnished by
 
 the
 
 district attorney, and no attempt was made by that officer to prove the illegal possession by defendant of intoxicating liquors for sale at any other place or at any other date than that specified.
 

 Bill of Exceptions No. 2.
 

 The district attorney asked one of the prosecuting witnesses the following question: “I will show you a bottle and ask you to identify it.”
 

 This question was objected to by counsel for defendant on the ground that the bottle handed to the witness by the state’s attorney had not been properly identified, and that the question was leading and suggestive.
 

 This objection is frivolous, as the question did not suggest the answer. The bottle handed to the witness was identified, as
 
 *303
 
 soon as lie was permitted to answer the question. The objection was properly overruled by the trial judge.
 

 Bill of Exceptions No. 3.
 

 This bill is .reserved to the overruling of a motion for a new trial, based upon the grounds set forth in bills of exception No. 1 and No. 2, which have already been discussed and disposed of, and upon the further ground that the verdict is contrary to the law and the evidence, a matter over which we have no jurisdiction.
 

 Bill of Exceptions No. 4.
 

 This bill was taken to the overruling of a motion in arrest of judgment, based upon the alleged insufficiency of the evidence to convict. The hill is without merit, as such motion can be predicated only upon substantial defects apparent upon the face of the record. State v. Foster, 150 La. 971, 91 So. 411; State v. Sikes, 149 La. 1073, 90 So. 409; State v. Willis, 147 La. 114, 84 So. 514.
 

 The conviction and sentence are therefore affirmed.