(106 So. 782)

No. 27635.

## STATE v. CARROLL.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⊜⟲137(3)—**Evidence held not to require quashing indictment because defendant was not informed that he need not testify to incriminating matters before grand jury.**

    Where evidence showed that defendant in his examination before grand jury, in case against another concerning larceny of money with which he was charged, was not compelled to testify against himself, gave no testimony throwing any light on theft, and denied participation in or knowledge of the crime, no basis is afforded for quashing indictment on ground that no notice was given defendant's counsel of examination, or that defendant was not informed of his constitutional right not to be required to testify as to matters which might incriminate him.

2. **Criminal law** ⊜⟲1043(2) — **Supreme Court not required to discover grounds for exclusion of evidence.**

    On objection only that testimony was not admissible, Supreme Court is not required to explore the wide field of evidence to discover some possible ground on which the evidence might or should have been excluded.

3. **Criminal law** ⊜⟲1064(5)—**Motion for new trial on ground that verdict is contrary to law and evidence presents nothing for review.**

    A perfunctory motion for new trial based on ground that verdict is contrary to law and evidence presents nothing for review.

Appeal from Fourteenth Judicial District Court, Parish of Beauregard; Thomas F. Porter, Jr., Judge.

John Carroll was convicted of larceny, and he appeals. Affirmed.

Ped C. Kay, of De Ridder, and L. Austin Fontenot, of Opelousas, for appellant.

Percy Saint, Atty. Gen., and John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles, and Percy T. Ogden, Asst. Atty. Gen. (E. R. Schowalter, of New Orleans, of counsel), for the State.

THOMPSON, J.    The defendant was tried for the crime of embezzlement of $1,180. The jury returned a verdict for larceny of said amount.    From a sentence of five to seven years in the penitentiary, this appeal is prosecuted.

The main ground of complaint is contained in a motion to quash the indictment.

The motion alleges that the defendant was compelled to appear before the grand jury which returned the bill and was personally examined as a witness and was required to answer questions touching the charge then pending against him and under investigation by said body of inquisitors.

It is further alleged that no notice was given counsel who had been retained to represent the accused that he (accused) was going to be called before the grand jury, nor was the accused warned or informed of his constitutional rights and privileges, and particularly was he not informed that he could not be required to testify to matters and things that might incriminate him.

It appears from the record and from the testimony taken on the motion to quash that the defendant and his brother Charles Carroll were both charged by separate affidavits with breaking and entering a dwelling house and stealing therefrom $1,200.

The two brothers were in jail during the investigation of the charges by the grand jury.

The deputy sheriff, at the request of either the grand jury or the assistant district attorney, took the defendant John Carroll out of jail and carried him to the grand jury room where he was sworn and examined concerning the alleged burglary and larceny. He stated as a witness on the motion to quash that he was asked all about the charge. That he was asked "lots" of questions, but he did not remember what all the questions were.

On cross-examination the defendant was asked:

"Q. Mr. Carroll, isn't it a fact that you denied any knowledge of the matter whatever?

"A. I did not deny all the matter.

"Q. Did you deny·anything about that money being taken?

"A. I did not know who had it. ·

"Q. You had no knowledge about that?

"A. Nobody asked me about the case. They asked me who took the money.

"Q. You gave no evidence against yourself?

"A. I answered the questions.

"Q. Did you give any evidence against yourself?

"A. No, sir."

The assistant district attorney sworn as a witness on the motion to quash testified that the defendant was not called before the grand jury in the case pending against him; that he was called as a witness in the case against Charley Carroll, and was told "that they (meaning the grand jury) would like to have some enlightenment on that subject," and that if he wished to give his testimony voluntarily that "we would be glad to have it."

The witness further states that the defendant gave no testimony whatever that would incriminate him or, for that matter, that would incriminate his brother; that he absolutely denied any knowledge of the entire transaction. This witness further stated that the defendant testified before the grand jury without objection and with the utmost cheerfulness.

On the state of facts thus established, we are unable to conceive wherein and in what respect the defendant's constitutional rights have been violated.

[1] If it be conceded that the defendant, being restrained of his liberty, was in a legal sense compelled to appear before the grand jury, and that his examination concerning the larceny of the money with which he was charged was a violation of his constitutional immunity from being compelled to give testimony against himself, the indubitable fact remains that he was not forced to give any testimony against himself and admittedly did not give any testimony before the grand jury that would throw any light on the theft of the money, or that would connect him or any other person with the crime then being investigated.

It would be going beyond the bounds of reason to say that the mere appearance before and the examination of the accused by the grand jury was a violation of his constitutional right and privilege, in face of the fact that he gave no testimony that would throw any light upon the subject under investigation or that could influence the action of the grand jury, and in view of the further fact that the whole of the testimony which he gave amounted to an absolute denial of his participation in the crime and a positive denial that he had any knowledge of the crime.

In the light of the facts disclosed by the record, we are not called upon to decide what effect the matter would have had on the finding of the grand jury if the defendant had been by inducement, force, or otherwise, compelled to give testimony against himself and upon which the grand jury had based its finding. It will be time enough to decide that question when a proper state of facts is presented.

It is sufficient for the present case to say that the motion to quash has no basis whatever under the state of facts as presented and has not sufficient merit to justify further discussion.

[2] The other two bills were reserved to the action of the court in overruling an objection to certain testimony and the denial of a motion for a new trial. The bills are not mentioned in defendant's brief and are obviously without any merit. We are not advised what objection defendant had to the proffered testimony, and we are not required to explore the wide field of evidence to discover some possible ground on which the evidence might or should have been excluded.

The objection made was that the testimony was not admissible.

[3] As to the third complaint, we repeat what has been often said, that a perfunctory motion for a new trial based on the ground that the verdict is contrary to the law and evidence presents nothing on which this court can act.

For the reasons stated, the verdict and sentence are affirmed.