(115 So. 363)

No. 28848.

## STATE v. KEIFE.

Oct. 31, 1927. Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬤⟿400(7)—In embezzlement prosecution, carbon copy of order for goods was admissible as original document.**

In prosecution for embezzlement of moneys received from C. O. D. orders, where order was written on white, pink, and yellow sheets, the pink and yellow slips being carbon copies or duplicate originals, the pink slip was admissible as an original document.

2. **Criminal law ⬤⟿1111(3)—Bill of exceptions which contradicts facts as stated in per curiam to bill held without merit.**

In prosecution for embezzlement, bill of exceptions complaining that certain paper was not introduced in evidence which was contrary to facts as stated in per curiam to bill, *held* without merit.

3. **Criminal law ⬤⟿371(2), 372(8)—Other acts of embezzlement than one charged in indictment were admissible to show intent and system.**

Where specific act charged was embezzlement of $9.40 on September 30, 1925, various collateral acts of embezzlement in September and October of that year were admissible only to show defendant's intent and system and not as substantive proof of offense charged.

4. **Criminal law ⬤⟿442—Inventory supposedly taken by defendant held inadmissible in embezzlement prosecution, where witness could not identify it as being in defendant's handwriting.**

In prosecution for embezzlement, inventory alleged to have been taken by defendant was properly excluded when offered in cross-examination of state witness, where witness could not identify it as being in defendant's handwriting.

5. **Criminal law ⬤⟿446—Excluding question on cross-examination of state witness whether he discovered shortage in checking from inventory held proper, where inventory was. not identified.**

In prosecution for embezzlement of money received from C. O. D. orders, excluding question asked state witness on cross-examination as to whether he discovered "any shortage against the actual check, checking from your inventory to the actual stock in the store," was proper, where inventory referred to was neither employer's nor witness', and evidence failed to show that any inventory had been made, and especially where defendant did not thereafter identify purported inventory as made by him.

6. **Witnesses ⬤⟿277(4)—Permitting cross-examination of defendant in embezzlement case as to changing amount of certain slip held not error as outside matters of direct examination.**

In prosecution for embezzlement of moneys from C. O. D. orders, where defendant testified he had honestly changed a certain pink slip to make it conform to drayman's ticket, permitting cross-examination as to transaction in which pink slip had been changed so as to alter amount of goods sold and also price *held* not error as permitting cross-examination as to matters not brought out in examination in chief.

7. **Criminal law ⬤⟿695(4)—Objections to questions on cross-examination without reasons therefor were properly overruled.**

In embezzlement prosecution, objections to questions propounded to defendant on cross-examination without giving reasons therefor were properly overruled.

8. **Criminal law ⬤⟿695(2)—Objection to testimony must state specific ground on which it is based.**

Objection to testimony must state specific grounds on which it is based so that court may rule intelligently as to its admissibility.

9. **Criminal law ⬤⟿1091(3)—Bill of exceptions must contain questions objected to, grounds of objection and court's reason for overruling it.**

Bill of exceptions must contain questions objected to, grounds of objection and reasons of court for overruling it.

10. **Criminal law ⬤⟿665(4)—Permitting witness under rule who remained in court unintentionally to testify in rebuttal held within judge's discretion.**

In embezzlement prosecution, where auditor as witness was placed under rule with other witnesses but unintentionally remained in courtroom during trial, permitting him to testify in rebuttal was within judge's discretion, where judge was of opinion that defendant suffered no injury by witness' breach of rule.

11. **Criminal law ⬤⟿1064(1)—Motion for new trial because verdict is contrary to law and evidence presents nothing reviewable.**

Motion for new trial, predicated on ground that verdict is contrary to law and evidence, presents nothing for review.

12. **Indictment and information** ⊕══87(4)—Averment that year had not elapsed since crime was first made known to prosecuting officer held to show indictment was found within prescriptive period (Act No. 50 of 1894).

Averment in indictment for embezzlement that, although one year had elapsed from September 13, 1925, one year had not elapsed since November 6, 1925, the date on which commission of crime was first made known to an officer having power to institute public prosecution therefor, *held* to show that indictment was found within prescriptive period of one year of Act No. 50 of 1894.

13. **Criminal law** ⊕══335 — Prescription being negatived in indictment, defendant had burden to prove offense was brought to officer's knowledge more than year before indictment (Act No. 50 of 1894).

Where, in indictment for embezzlement, one year's prescription of Act No. 50 of 1894 was negatived, burden rested on defendant to prove that offense had been brought to knowledge of a competent officer more than a year previous to filing of indictment.

14. **Criminal law** ⊕══968(8)—Remedy, if evidence is insufficient to prove corpus delicti, is by motion for new trial, not in arrest of judgment.

Remedy, if evidence is insufficient to prove a corpus delicti, is by motion for new trial and not by motion in arrest of judgment.

15. **Criminal law** ⊕══972—Motion in arrest of judgment is predicable only on substantial defects apparent on record.

Motion in arrest of judgment, must be predicated solely on substantial defects patent on face of record, no part of which is formed by the evidence in a criminal case.

16. **Criminal law** ⊕══1088(10)—Evidence is not part of record in criminal cases.

The evidence forms no part of the record in criminal case.

O'Niell, C. J., dissenting in part.

Appeal from Criminal District Court, Parish of Orleans; Frank T. Echezabal, Judge.

Walter L. Keife was convicted of embezzlement, and he appeals. Affirmed.

Edward M. Heath, Harold Moise, and Paul L. Fourchy, all of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans (St. Clair Adams, of New Orleans, of counsel), for the State.

LAND, J. Defendant, a shipping clerk of Kohlman Bros. & Sugarman, a New Orleans corporation, is indicted for the embezzlement of $9.40.

He was convicted and sentenced to serve a term of three months in the parish prison, and has appealed.

Bills of Exception Nos. 1, 2, 3, 4, and 5.

[1] On the trial of the case, defendant objected to the introduction in evidence by the state of a certain pink slip, on the ground that this slip was not the original document, but was simply a copy of a certain yellow slip, "which was the real and official document from which the pink slip had been copied or corrected."

The per curiam to this bill shows that the defendant is in error as to the statement made by him. A white, pink, and yellow slip were offered on the trial by the state. They evidence an order for goods given by J. Pairno on September 30, 1925, and taken by a salesman of Kohlman Bros. & Sugarman. The order was written upon white, pink, and yellow sheets; the pink and yellow slips being carbon copies or duplicate originals. The defendant is charged with the embezzlement of $9.40, which was part of the payment of $17.40 made by Pairno for the goods sold to him.

This bill therefore is without any foundation whatever.

[2] Defendant complains in bill No. 2 that the white, pink, and yellow slips introduced by the state did not constitute a complete transaction, in that four slips are not shown in evidence, "*that the missing yellow or dray receipt* was given to the drayman for delivery, and, after delivery, was turned over to the stableman, who kept the yellow or dray receipt all right with the cash C. O. D.'s, and

that defendant always corrected the pink slip so as to conform with *the missing yellow slip or dray receipt;* it being defendant's contention that, *if these yellow or dray receipts* were produced, they would correspond with the pink slips, and thereby establish his innocence, showing that erasures and alterations were made in the yellow or dray receipt in the handwriting of some third person."

It is stated in the per curiam to this bill that:

"The white and yellow slips referred to in defendant's bill were filed in evidence by the state. The defendant is mistaken in stating the contrary. It is a further fact that they were admitted over defendant's objection. The attorney who prepared this and the other bills of exceptions did not appear for the defendant at his trial."

This bill is contrary to the facts of the case, and is without merit.

[3] In bills Nos. 2 and 3, defendant also objected to the admission of evidence by the state as to other acts of embezzlement on the part of the defendant. The specific act charged against the defendant is the embezzlement of $9.40 on September 30, 1925. The "recap" or summary of cash collections made by defendant on October 7, 1925, included only $8 of the original bill of $17.40, collected from Pairno on September 30, 1925. Various collateral acts of embezzlement in September and October, 1925, were offered in evidence, and were shown to have been committed through alterations made by defendant of the amounts appearing originally in the pink slips or C. O. D. sales, made to their customers by Kohlman Bros. & Sugarman. The evidence objected to by defendant was admitted, not as substantive proof of the offense on trial, but merely for the purpose of showing intent and system, and the jury was so instructed. We find no error in the ruling of the judge a quo. State v. Jackson, 163 La. 34, 111 So. 486; Wharton's Crim. Ev. (10th Ed.) vol. 1, §§ 30, 31, 39; People v. Bidleman, 104 Cal. 608, 610,

38 P. 502; People v. Lyon, 33 Hun, 623; 2 N. Y. Cr. R. 484; Leach v. State, 46 Tex. Cr. R. 507, 510, 81 S. W. 733; Reg. v. Richardson, 8 Cox, Cr. Cas. 448, 2 Fost. & F. 343.

### Bill No. 6.

[4] While Alvin Dirblun, a state witness, was on cross-examination, counsel for defendant attempted to prove by the witness that a certain purported inventory, presented to witness by counsel, was taken by defendant. As shown by the per curiam to this bill, the trial judge refused to admit the inventory, for the reason that witness could not identify same as being in defendant's handwriting.

The ruling was correct, as the inventory so-called was by private act, and its execution by defendant had not been proven prior to the offer to introduce the document in evidence.

### Bill No. 7.

[5] The following question was propounded on cross-examination by counsel for defendant to Henry Warner, a state witness:

"Did you discover any shortage against the actual check, *checking from your inventory to* the actual stock in the store?"

This question was excluded by the court, for the reason that the inventory referred to in the question was not the company's; it was not the witness'; and the evidence failed to show that any inventory whatsoever had been made by any one. When defendant testified, he failed to avail himself of the opportunity to identify the purported inventory as made by him, or to refer to it in any manner.

If the witness had been permitted to answer the question, he would have based his answer on nothing more than a list of the company's stock made by the defendant, without any supervision by the company, or any of its officers or agents, and without any proof as to its correctness.

The question was clearly objectionable, as it assumed as a fact that an inventory had

been made by the company, when such was not the case. The witness interrogated was the vice president and treasurer of Kohlman Bros. & Sugarman.

It is true that the purpose of introducing the inventory was to show that some of the stock was missing, and that there might have been other persons, as well as defendant, interested in destroying the yellow slips or draymen tickets by an incendiary fire, which had taken place in the vault where these papers had been deposited.

However, the exclusion of the inventory did not prevent defendant from proving by himself on the witness stand any of the facts within his own knowledge, as to the presence of suspicious persons on the premises, or as to any theft which may have been committed by any third person from the merchandise on hand. But defendant did not avail himself of any such testimony in the case.

### Bills Nos. 8 and 9.

[6] Both of these bills are so general, vague, and indefinite that the trial judge merely annexed defendant's entire testimony, without writing a per curiam to either bill.

Defendant complains that, when he was on the stand as a witness, he was asked on cross-examination questions as to matters not brought out on direct examination, and that might also incriminate him. When defendant took the witness stand, he testified on examination in chief that he was not a thief and that he had honestly changed the pink slip in this case in order to make it conform to the yellow slip or drayman's ticket. He was interrogated on cross-examination as to a certain transaction in which the pink slip had been changed so as to alter the amount of goods sold, and also the price. He replied that he did not recollect the transaction.

Counsel for defendant at this point specifically objected, for the first and only time, that the state should be restricted to the examination of defendant as to matters brought out on examination in chief. The court properly overruled the objection because the witness had answered denying any knowledge of such transaction. The answer was not prejudicial in any way to the witness, even had the question propounded in cross-examination been objectionable for the reason assigned by defendant's counsel.

[7] While counsel for defendant objected to several other questions propounded to defendant on cross-examination, he gave no reasons for such objections, and they were therefore properly overruled by the court.

No objection at all was urged that the answers to any of these questions might incriminate defendant as a witness.

[8] It is elementary that an objection to testimony must state the specific grounds upon which it is based, in order that the court may be given an opportunity to rule intelligently as to its admissibility.

[9] It is also well settled that a bill of exception must contain the questions objected to, the grounds of objection, and the reasons of the court for overruling the objection. Marr's Crim. Juris. (2d Ed.) vol. 2, § 730.

### Bill No. 10.

[10] The witness William B. Jones is an auditor, and was placed under the rule with the other witnesses in the case. He was called by the state in rebuttal. Unintentionally, this witness remained in the courtroom during the trial and, for this reason, his right to testify when called as a witness was challenged by defendant, in the presence and the hearing of the jury. The trial judge was of the opinion that the witness should be permitted to testify, and that defendant had suffered no injury by the breach of the rule by the witness. Such matters are left to the sound discretion of the judge a quo, and we are not prepared to say that he abused his discretion in the present case. The credibility of the witness, under the circumstances, was a matter address-

ing itself to the jury. Marr's Crim. Juris. (2d Ed.) vol. 2, p. 922 et seq.; State v. Schuermann, 146 La. 110, 83 So. 426.

### Bill No. 11.

[11] The motion for new trial is predicated upon the grounds that the verdict is contrary to the law and the evidence, and upon alleged erroneous rulings of the trial judge herein reviewed and passed upon.

The judge a quo denied the motion for new trial, for the reason that the evidence as a whole established the guilt of the accused beyond a reasonable doubt. The motion presents no question of law to be reviewed upon appeal. State v. Tatum, 162 La. 872, 111 So. 264; State v. Howard, 162 La. 719, 111 So. 72.

### Bill No. 12.

[12] This bill was reserved to the overruling by the trial judge of a motion in arrest of judgment, based upon the following grounds:

"(1) That the offense or crime alleged to have been committed September 30, 1925, and for which he was prosecuted and convicted, was prescribed by one year at the time the information was filed, to wit, October 30, 1926.

"(2) That, though the state attempted to negative prescription, the allegations and averments in that respect were not sufficient, nor made as required by law.

"(3) That on the trial it was brought out in testimony uncontradicted, that the fire marshal of the state, a public officer having authority to institute criminal proceedings, had all of the facts about said alleged crime in his possession as far back as October 28, 1925.

"(4) That the corpus delicti has not been produced."

Prescription is negatived in the indictment in the following language:

"And the district attorney aforesaid does further give the said court to understand and be informed that, although more than one year has elapsed since the 30th day of September, 1925, one year has not elapsed since the 6th day of November, 1925, the date upon which the commission of said crime was first made known to an officer having the power to institute a public prosecution for the same."

The information for embezzlement in this case was filed October 30, 1926, or within one year from November 6, 1925, at which date it is alleged that the commission of the crime was first made known to a public officer.

It is provided in Act No. 50 of 1894 that:

"No person shall be prosecuted, tried or punished for any offense, willful murder, arson, robbery, forgery and counterfeiting excepted, unless the indictment * * * for the same be found or exhibited within one year next after the offense shall have been made known to a public officer, having the power to direct a public prosecution."

The averment in the indictment, in our opinion, makes it clear that the same was found within the prescriptive period of one year, and is sufficient.

[13] As prescription is negatived in this case, the burden rests upon defendant, and not upon the state, to prove that the offense had been brought to the knowledge of a competent officer more than a year previous to the filing of the indictment. State v. Posey, 157 La. 55, 101 So. 869; State v. Hayes, 162 La. 917, 111 So. 327.

It appears from the per curiam to this bill that no evidence was adduced at the trial by defendant in support of his claim of prescription. It is also stated in the per curiam that the evidence failed to show that knowledge of the commission of the offense of embezzlement herein charged had reached the state fire marshal within the prescriptive period, or at any other time.

We therefore pretermit the question as to whether the state fire marshal is a public officer, authorized under our laws to institute a prosecution for embezzlement.

[14-16] Whether the corpus delicti was proven or not is a matter of evidence.

The remedy in such a case, if the evidence is insufficient, is by motion for a new trial, and not by motion in arrest of judgment, which must be predicated solely upon substantial defects patent upon the face of the record. The evidence forms no part of the

record in criminal cases. State v. Robertson, 158 La. 300, 103 So. 821.

The conviction and sentence are affirmed.

O'NIELL, C. J., dissents from the rulings on bills 5, 6, and 7.