HAWTHORNE, Justice
 

 (dissenting).
 

 I cannot agree with the ruling of the majority that the bill of exception on which the conviction and sentence were reversed has merit.
 

 The testimony of the witness Pritchard on redirect examination by the State, taken down by a stenographer and made a part of the bill, reads as follows:
 

 “By Mr. Thomas:
 

 “Q. In response to questioning you said you didn’t want to have a warrant issued until after you found out the whole story — ■ what was the whole story? A. I found out all about it later.
 

 “Q. What was it?
 

 “Mr. Hunter, Jr.: Objected to.
 

 “Court: Objection sustained.
 

 “Q. You didn’t say what you found out, but after finding it out, after your investigation, did you file charges?
 

 “Mr. Hunter, Jr.: Objected to.
 

 
 *537
 
 “Court: Objection overruled.
 

 “A. Yes.”
 

 The per curiam of the trial judge, incorporated in the bill, reads thus:
 

 “It should be observed that the witness was permitted to testify only to the
 
 fact
 
 that he filed charges. While it is true the record itself would be the best evidence of this fact, a verification thereof by the signer of the affidavit himself could in no way injure ■the cause of the accused.” (Italics mine.)
 

 It is to be observed from the bill of exception and the testimony of the witness made a part thereof that the attorney for the defendant objected to the question but stated no ground whatsoever as a basis for his objection. This is one reason which leads me to conclude that the bill is without merit, for I understand the law to be well settled that a bill of exception must contain the question objected to and
 
 the grounds of objection.
 
 State v. Green,
 
 36
 
 La.Ann. 185; State v. Carroll, 160 La. 199, 106 So. 782; State v. Keife, 165 La. 47, 115 So. 363; State v. Antoine, 189 La. 619, 180 So. 465; 2 Marr, Criminal Jurisprudence (2d ed.), Sec. 730.
 

 In State v. Keife, supra [165 La. 47, 115 So. 365], this court said:
 

 “It is elementary that an objection to testimony must state the specific grounds upon which it is based, in order that the court may be given an opportunity to rule intelligently as to its admissibility.”
 

 In State v. Carroll, supra, an objection was made that the testimony incorporated in two bills of exception was not admissible, counsel giving no specific ground for its inadmissibility. In disposing of these two bills, we stated [160 La. 199, 106 So. 783]:
 

 “ * * * We are not advised what objection defendant had to the proffered testimony, and we are not required to explore the wide field of evidence to discover some possible ground on which the evidence might or should have been excluded. * * ”
 

 In the recent case of State v. Antoine, supra, this rule is expressed as follows [189 La. 619, 180 So. 466] :
 

 “During the trial of his case, defendant reserved a bill of exception to the ruling of the court overruling his objection to certain questions asked a defense witness under cross-examination. A mere reading of the testimony objected to conclusively shows that the bill of exception is without merit. Moreover, the defendant in urging his objection and reserving his bill of exception did not show ‘the grounds for the objection and the error complained of, so as to give the trial judge an opportunity to correct his error,’ and, therefore, could not take advantage of the exception on appeal. State v. Lanning, 134 La. 209, 63 So. 878. See, also, State v. Ricks, 170 La. 507, 128 So. 293.”
 

 This rule is set forth in State v. Ricks, cited in the quotation from the Antoine case, in language even stronger than that
 
 *539
 
 used in the Antoine case [170 La. 507, 128 So. 296] :
 

 “It is well settled that a bill of exceptions must state the grounds of objection and point out specifically the errors complained of, in order than an opportunity may be given the trial judge to correct them; if not sufficiently specific, it will not afterwards avail the party raising it. H= * *
 

 “Counsel for defendant states in his brief these objections tO' the charge specifically, but -the useful time and place for stating them was before the trial judge before the verdict.”
 

 The majority opinion, in effect, overrules all these cases and others without specifically naming them.
 

 Counsel in the instant case having failed to state the specific grounds on which the objection was based, the judge of the lower court certainly did not have an opportunity to rule intelligently thereon or to correct his error, if any. Furthermore, the fact that the judge did not understand on what specific grounds the objection was made is clearly shown in the majority opinion itself, from which I quote:
 

 “ * * * His [the trial judge’s] understanding, as shown by his per curiam, was that counsel for the defendant objected merely to the allowing of the witness to testify .to the
 
 fact
 
 that he filed the charge against Ben Qievallier. Under that belief, the judge overruled the objection for the reason that it could cause no harm to the defendant for the witness merely to verify the
 
 fact,
 
 which the record itself showed," that the witness was the one who had filed the charge against Ben Chevallier. * * ” (Italics mine.)
 

 ' Moreover, although I recognize and approve the general principle of law that in a criminal case testimony of a witness expressing an opinion as to the guilt or innocence of the accused is not admissible, I cannot agree with the majority’s conclusion that the testimony of the witness Pritchard, quoted hereinabove, was inadmissible for this reason. In the instant case, the witness merely answered “Yes” to the question of whether he filed charges after an investigation from which he found out certain information (not given in testimony), and did not in any way express an opinion as to the guilt or innocence of the accused. For this reason, in my opinion, the general rule of criminal law applied in the majority opinion is not applicable in this case. ,
 

 As I interpret the testimony, the witness was not expressing an opinion; he was testifying merely to the existence of
 
 facts,
 
 that is, that he made an investigation, and that he filed charges.
 

 For reversal under this bill, defendant relies on the case of State v. Borde, 209 La. 905, 25 So.2d 736, an extract from the opinion in which is quoted with approval in the majority opinion in this case. There is grave doubt in my mind that the admission
 
 *541
 
 of the testimony objected to and forming the basis of defendant’s bill in that case constituted reversible error. As I see it, the witness was testifying in that case, as in the instant case, only to facts within his knowledge and was not giving opinion evidence.
 

 I respectfully dissent.