193 So.2d 243 (1966)
249 La. 1054
STATE of Louisiana
v.
Mary YOUNG and Dawn DeBlanc.
No. 48196.
Supreme Court of Louisiana.
November 7, 1966.
Rehearings Denied January 16, 1967.
G. W. Gill, Sr., George M. Leppert, New Orleans, for appellants.
Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Alvin V. Oser, Asst. Dist. Atty., for appellee.
HAWTHORNE, Justice.
The two defendants, charged in a bill of information with having committed a crime against nature denounced by R.S. 14:89, were tried before a jury of five, found guilty, and sentenced to 30 months in parish prison. They have appealed, assigning as grounds for reversal six specifications of error.
*244 Specification of Error No. 1 is grounded upon the allegations of Bill of Exception No. 16, which was reserved when the trial judge refused defense counsel's request for the production of a police report.
During cross-examination a police officer testified that he talked to one of the accused (Dawn DeBlanc) over the telephone to arrange a meeting with her and other women at a motel for sexual relations and to settle a price for prostitution, and that during this conversation she mentioned that sometimes they "gave a show". At about this point counsel for the accused called for the police report, stating: "* * * I want this officer to review it and see if there is anything in his report about talking to this defendant, Dawn DeBlanc, about a show prior to coming to that room. * * *" The trial judge refused this request, and counsel stated: "I wish to have it for traversing it, testing his credibility and memory."
Thus, according to his own statement, counsel wished to obtain the police report for the purpose of testing the credibility and memory of the witness and of traversing the above testimony. The judge's refusal to order the report produced was correct, for the proper foundation for its production had not been laid. R.S. 15:493 prescribes the foundation required for proof of contradictory statements.
Here counsel admitted that he wanted to inspect the document to see whether there was anything in the officer's report about talking to Dawn DeBlanc regarding a "show" prior to the meeting in the motel room. As stated by the trial judge, there was nothing in the bill of exception to indicate that there was any contradiction between the officer's testimony and his report, and counsel's request for this report was merely a fishing expedition to obtain a police report to which he was not entitled.
For Specifications of Error Nos. 2 and 3 appellants rely on Bill of Exception No. 17, which was taken, among other things, to the admission in evidence, over objection, (1) of photographs of appellants in the nude made in the motel room where the crime was committed and where they were arrested and (2) of certain comic books found at that time in the purse of one of them and said in brief to be obscene.
This bill of exception discloses that when the State offered the photographs and the comic books, counsel for the accused objected but gave no reason for the objection.
It is well settled in the jurisprudence of this court that the bill of exception must show not only the objection but also the ground of objection, so that the trial judge may be afforded an opportunity to rule intelligently on the admissibility of the offering or testimony objected to and an opportunity to correct any error that may have been committed. In this connection, the bill itself must show not only the objection but also the particular ground of objection urged by counsel during the trial at the time the objection was made. When the testimony attached to the bill of exception shows that counsel simply objected and gave no basis for the objection, a ground for the objection raised for the first time in the written bill or in brief will avail counsel nothing and will be disregarded by this court. Moreover, a bill of exception stating no reason for the objection is worthless on appeal, for the appellate court cannot possibly be expected to study all the law of evidence in an effort to discover some possible ground on which to sustain the objection. State v. Green, 36 La.Ann. 185; State v. Lanning, 134 La. 209, 63 So. 878; State v. Carroll, 160 La. 199, 106 So. 782; State v. Keife, 165 La. 47, 115 So. 363; State v. Ricks, 170 La. 507, 128 So. 293; State v. Antoine, 189 La. 619, 180 So. 465; State v. Davis, 214 La. 831, 39 So.2d 76; State v. Labat, 226 La. 201, 75 So.2d 333; State v. Watson, 247 La. 102, 170 So.2d 107.
When the photographs were identified by one of the arresting officers before being offered in evidence, counsel for the accused *245 objected to the identification. At this time counsel merely stated that "* * * these pictures were taken after the police made known their identity, when these defendants were tendered information they were arrested", but here again he gave no reason or legal basis for his objection.[1]
Specifications of Error Nos. 4 and 5 concern the refusal of the trial judge to give two requested special charges, one dealing with essential elements of the crime charged and the other with the law of entrapment. For these alleged errors appellants rely on Bills of Exception Nos. 5 and 11.
In a per curiam the trial judge informs us that in his general charge he instructed the jury on the law defining "crime against nature" and explained that any actual joining or connection of a genital organ of one person and the mouth of another constituted this crime; and he states that in his opinion he sufficiently informed the jury of what acts must have been performed to constitute the offense charged. He also tells us by per curiam that he refused to give the requested special charge on entrapment because the law of entrapment had been covered in his general charge.
The judge was not asked to deliver his general charge in writing,[2] and we are informed in brief that the charge was not taken down and transcribed by the court reporter. Since the charge is not included in the transcript, we must accept the judge's statements in his per curiam that the requested special charges were covered by the general charge. State v. Patterson, 150 La. 114, 90 So. 532; State v. Richey, 160 La. 667, 107 So. 484; State v. Walker, 204 La. 523, 15 So.2d 874; State v. Burkhalter, 211 La. 342, 30 So.2d 112.
Moreover, from the trial judge's per curiam we understand that an additional reason for his refusal to give the requested special charge dealing with elements of the crime was that it was not wholly correct; and from the judge's explanation we think his ruling was proper. R.S. 15:390.
Appellants rely on Bill of Exception No. 13 for their Specification of Error No. 6. This bill was taken to the overruling by the trial judge of a motion for a new trial in which it was alleged that there was no evidence of the commission of the offense. Appellants take the position that there is no evidence to show unnatural carnal copulation, and make all the testimony a part of this bill.
The statute, of course, requires proof of an "unnatural carnal copulation". As pointed out by this court in State v. Bonanno, 245 La. 1117, 163 So.2d 72, this phrase simply means "any and all carnal copulation or sexual joining and coition that is devious and abnormal because it is contrary to the natural traits and/or instincts intended by nature, and therefore does not conform to the order ordained by nature". The record discloses that officers who were in the motel room and witnessed the acts which formed the basis of the charge testified that there was oral copulation by and between both of the accused, and these witnesses described in detail the acts showing the unnatural carnal copulation. Since there is some evidence of this essential element of the crime, there is nothing for this court to review We do not determine the weight to be given to testimony or the credibility of witnesses, this being a function of the jury.
For the reasons assigned the convictions and sentences are affirmed.
NOTES
[1] The record reveals that the appellants undressed of their own free will for the purpose, among other things, of committing the crime charged, and that they were not asked to remove their clothing by the police officers.
[2] R.S. 15:389 provides: "The judge shall deliver his charge in writing, whenever requested so to do either by the prosecution or the defense prior to the swearing of the first witness."