McCALEB, Chief Justice.
Larry Frank was charged with the crime of armed robbery. Following a jury trial he was convicted and sentenced to serve ten years at hard labor in the Louisiana State Penitentiary. In this Court he is relying on two bills of exceptions to obtain a reversal of his conviction and sentence.
On this appeal, defense counsel asserts in connection with Bill of Exceptions No. 1 that, during the course of the trial, police officer Robert Moore (a state witness) while being examined in chief conveyed to the jury the fact that appellant had previously been arrested for the crime of armed robbery and that, despite such prejudicial testimony and without admonishing the jury to disregard it, the court overruled counsel’s motion for a mistrial. Bill of Exceptions No. 2 involves the same issue, it having been reserved to the court’s overruling a motion for a new trial based on the same alleged error as contained in Sill of Exceptions No. 1.
The record reveals that during the examination of Moore, he testified that, in investigating the robbery, he went to the home of-Aubrey Zachery, the robbery-victim, to show him mug shots, for the purpose of obtaining an identification. His testimony continued as follows:
“Q. How many shots did you show •him ?
“A. Five.
“Q. How did you pick these out?
“A. There were two subjects who were previously arrested for armed robbery; I used their mug shots * *
“Q. Wait a minute. Don’t tell us why. On what basis * * * Go ahead and finish.
“A. What is the question?
“Q. I wanted to know how you selected these mug shots.”
BY THE COURT:
“All right.”
BY THE WITNESS.:
“I am not sure what you mean.”
BY MR. GARCIA:
“Go ahead.”
BY THE WITNESS:
“Two of the mug shots were of two subjects previously arrested for armed robbery. One of the mug shots was of the defendant before the bar.”
Whereupon defense counsel objected and moved for a .mistrial, and reserved Bill *915 of Exceptions No. 1 to the trial court’s overruling the motion.
In the formal bill of exceptions counsel asserts that the testimony conveyed to the jurors the information that appellant had previously been arrested for the crime of armed robbery, that this was prejudicial to him and denied him the right tó a fair trial.
We note at the outset that the per curiam of the district court reveals that when counsel objected and moved for a mistrial the court asked the basis for the objection which counsel declined to divulge.[1]
The trial court further asserts in his per curiam that, in his opinion, the witness’ language did not convey the notion that appellant had been arrested previously.
We are inclined to agree with the interpretation of the trial court as to the effect of the witness’ testimony. The officer did not say, as urged in the application for a new trial, that he gave the victim five pictures and that two of the five “contained two subjects previously arrested for armed robbery, one of which was the defendant before the bar.”
In any event, if there was any misunderstanding, it could have been cleared up if counsel had properly explained the basis for his objection. In State v. Young, 249 La. 1053, 193 So.2d 243, this Court said:
“It is well settled in the jurisprudence of this court that the bill of exception must show not only the objection but also the ground of objection, so that the trial judge may be afforded an opportunity to rule intelligently on the admissibility of the offering or testimony objected to and an opportunity to correct any error that may have been committed. In this connection, the bill itself must show not only the objection but also the particular ground of objection urged by counsel during the trial at the time the objection was made. When the testimony attached to the bill of exception shows that counsel simply objected and gave no basis for the objection, a ground for the objection raised for the first time in the written bill or in brief will avail counsel nothing and will be disregarded by this court.”
Had counsel stated to the court the ground for his objection, the exact meaning of the testimony could have been elicited and the jury properly instructed if *917 necessary.[2] We note, incidentally, that no request was made by counsel that the jury be instructed to disregard the remark.
We find no merit in either bill of exceptions.
For the reasons assigned the conviction and sentence are affirmed.

. His response was: “On the basis that the officer is testifying — I’m not going to discuss the testimony right now. He testified to a certain individual, that’s all. I object and move for a mistrial in this matter based upon the remark prejudicial to the defendant.”

. If counsel liad misunderstood the purport of the testimony, as he apparently did, we can understand his reluctance to delve further into the matter before the jury for fear of eliciting further prejudieial information. However, he could have protected against this by having the jury removed while the matter was being clarified.