# OCTOBER, 1912.

## BOB BOYD v. THE STATE.

No. 1569.  Decided October 16, 1912.

Rehearing denied November 6, 1912.

**1.—Assault to Murder—Bills of Exception—Filing.**

The trial court is without authority to grant more than ninety days after adjournment of court in which to file bills of exception.

**2.—Same—Evidence—Charge of Court—Prior Difficulty—Self-Defense.**

Where, upon trial of assault to murder, the defendant claimed to have acted in self-defense, there was no error in admitting testimony of a former shooting as it bore on the fact as to whether or not defendant believed his life was in danger at the time he committed the alleged assault, and there was no error in the court's failure to limit this testimony.

**3.—Same—Charge of Court—Murder in the Second Degree.**

Where the defendant was convicted of aggravated assault, objections to the court's charge relating to murder in the second degree, or defining the law as between the two degrees, can not be considered on appeal; the court properly instructing on the law of aggravated assault and self-defense.

Appeal from the District Court of Cherokee.  Tried below before the Hon. James I. Perkins.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and six months confinement in the county jail.

The opinion states the case.

*W. E. Donley* and *L. D. Guinn,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with an assault to murder, and when tried was convicted of an aggravated assault.

Appellant was tried on December 14, 1910, and the term of court at which he was tried adjourned February 4, 1911.  The bills of ex-

ception were not filed until the 8th day of May, more than ninety days after the adjournment of court. The trial court is without authority to grant more than ninety days after adjournment of court in which to file bills of exception. The bills of exception are, therefore, stricken from the record, and will not be considered.

Appellant's wife and he had parted and his wife was on her way to Mrs. Agnew's, defendant following her, and, he says, begging her to come back to him. Mrs. Agnew called Joe Moore, city marshal of Alto, who went out in the street with a shotgun in his hands. When appellant saw Moore come out in the street with the gun, appellant returned to his home, went in the house, armed himself with a Winchester rifle and returned to the gallery. There is some conflict as to the firing of the shots, the State's witnesses testifying when defendant came back on the gallery he raised the Winchester, pointed it in the direction of Moore, when Jones holloed to him not to shoot, and he lowered the gun, raising it again in a few seconds, firing at Moore, the ball lodging in a tree about four inches from the head of Moore. He tried to work the lever to reload the gun when Moore fired. The defendant's testimony would have both defendant and Moore firing about the same time, when defendant returned to the gallery. Moore had been an officer at Alto for a number of years, and on several occasions had arrested defendant. On cross-examination it was developed by defendant that on one occasion when he was loping or running his horse on the streets of Alto, Moore had shot appellant's horse from under him. Appellant complains that the court failed to limit this testimony, and failed to instruct the jury that Moore had no legal right to shoot on the occasion when he shot the horse. The defendant was claiming to have acted in self-defense on this occasion, and this testimony of the former shooting was admissible in evidence as bearing on whether or not defendant believed his life was in danger on this occasion, but Moore was not on trial, and whether or not he had a warrant on that occasion for the arrest of defendant, or acted improperly in shooting the horse, were facts developed by defendant, and the court did not err in failing to charge thereon, and leaving the testimony to be considered by the jury in connection with defendant's plea of self-defense. When a person commits an offense in the presence of an officer he is authorized to make an arrest without warrant, and whether Moore shot at the horse to accomplish the arrest of defendant, or shot at defendant on that occasion, was a question of fact, and the court was not authorized to find any fact in connection therewith nor instruct the jury as to the weight of such testimony. If the defendant had shot at Moore on the former occasion, and there was any danger of the jury finding defendant guilty of that offense, it would have been proper for the court to have controlled in his charge, but as defendant developed that the prosecuting witness in this case had shot at him or shot his horse, it was proper for the court to permit the jury to consider this testimony in

deciding the issue of self-defense, as it reasonably appeared to defendant at the time, taking into consideration all the facts and circumstances in evidence.

The court fairly and fully submits all the issues in the case, and as defendant was found guilty of an aggravated assault only, it is useless to discuss the complaints of that portion of the charge relating to murder in the second degree, or defining the law as between the two degrees, he having been convicted of the lesser degree.

The court defined aggravated assault, as applicable to the evidence in this case, as favorably as the law would admit of, and fully instructed the jury as to the law of self-defense.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 6, 1912.—Reporter.]