### LISHA GRADINGTON v. STATE.

No. 2145.   Decided March 12, 1913.

**1.—Burglary—Shooting into House of Another with Intent to Injure—Sufficiency of the Evidence.**

Where, upon trial of burglary by the unlawful discharge of firearms into the house of another with intent to injure the inmates, the evidence sustained the conviction, there was no error.

**2.—Same—Circumstantial Evidence—Charge of Court.**

It is only when the evidence is wholly circumstantial that a charge on that character of evidence is required, and where defendant was positively identified, there was no error in the court's failure to charge on circumstantial evidence.

**3.—Same—Evidence—Leading Questions.**

Where the bill of exceptions did not show that a leading question, even if it was one, was not permissible, there was no error. Following Carter **v.** State, 59 Texas Crim. Rep., 73.

**4.—Same—Evidence—Motive—Limiting Testimony.**

Upon trial of burglary by shooting into a house with intent to injure, there was no error in admitting testimony of previous assaults and assaults

and batteries by defendant upon prosecutrix, and such testimony need not be limited in the court's charge, although the court did so limit the same. Following Millican v. State, 63 Texas Crim. Rep., 440, and other cases.

**5.—Same—Evidence—Supporting Testimony.**

Where, upon trial of burglary, the defendant sought to impeach the testimony of prosecutrix, there was no error in permitting the State to introduce supporting testimony to the effect that she had made these statements before, and there was no error in not charging on such testimony.

**6.—Same—Reforming Judgment—Practice on Appeal.**

Where, upon trial of burglary by the discharge of firearms into the house of another with intent to injure the inmates, of which offense he was convicted, but inadvertently sentenced for an assault with intent to murder, the judgment will be so reformed as to comply with the verdict of the jury and the judgment will be affirmed.

Appeal from the District Court of Bastrop. Tried below before the Hon. Ed R. Sinks.

Appeal from a conviction of burglary by shooting into the house of another, etc.; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question as to when leading questions may be asked: Rodriguez v. State, 23 Texas Crim. App., 503; Moore v. State, 37 Texas Crim. Rep., 552; Mann v. State, 44 Texas, 642.

On question of supporting evidence: Hamilton v. State, 36 Texas Crim. Rep., 372; Campbell v. State, 35 id., 160; Duke v. State, 35 id., 283; English v. State, 34 id., 190.

PRENDERGAST, JUDGE.—Appellant was convicted of burglary and his penalty fixed at two years in the penitentiary.

The evidence is amply sufficient to show that for some two or three years prior to July 29, 1911, the date on which the offense is charged to have been committed, appellant lived with and probably "kept" Patsy Foster, the injured party; that some time before the commission of the offense she quit him and went back to her mother's; that, it seems, another negro man was paying her attention and had gone with her and brought her back from some gathering the night the offense is charged; that soon after her return from this party with the other negro man the appellant shot into the house of her mother, some of the shot striking her, and showing clearly from the circumstances, his intention to injure her. The evidence is amply sufficient to sustain the verdict.

The testimony of Patsy Foster, the injured party, showed and she testified positively, that it was the appellant who shot into the house and shot her and that she saw him at the time and immediately there-

after when he ran away from the house. No charge on circumstantial evidence was, therefore, necessary. It is only when the evidence to sustain a conviction is wholly circumstantial that such a charge is required.

Appellant's bill that a question by the prosecuting officer to Patsy Foster wherein she was asked what appellant's idea was in wanting her to live with him, and "did he want her to sleep with him?" was leading, clearly does not show that a leading question, even if this was, was not permissible. (Carter v. State, 59 Texas Crim. Rep., 73.) Neither was such proof in this case irrelevant or incompetent.

Antecedent menaces, quarrels, assaults and batteries, and grudges may always be shown to prove motive. (Sullivan v. State, 31 Texas Crim. Rep., 488.) In this case the court, therefore, did not commit any error in permitting the State to prove the previous assaults and assaults and batteries committed by appellant upon said Patsy Foster in order to show motive, and no charge was necessary limiting the effect of such evidence, because motive is a part of the proof to establish the main offense. But if it was necessary to limit such proof, the court did so in this case properly by charging in a separate paragraph, this: "The defendant is on trial on the charge contained in the indictment only. You are charged that if any evidence has been introduced as to any other offense, you cannot convict him in any event of such offense, if any." Millican v. State, 63 Texas Crim. Rep., 440, and authorities there cited.

Patsy Foster, as stated above, testified positively that appellant shot into the house and shot her at the time the offense is charged; that she saw him, identified him and saw him run away immediately after he shot. In order to impeach her, appellant asked her if she did not state to various persons, naming them, the next day and later, in effect, that she did not know who shot her but she thought it was appellant. She denied making such statements. Appellant then put witnesses on who testified she did make such statements. The State was then properly permitted to corroborate her by proving by the constable that early the next morning after the shooting the night before, he investigated the matter and that Patsy Foster then and there told him that it was appellant who shot into the house and shot her that night. Sec. 874, Branch's Crim. Law, where a large number of the cases are collated. No charge was asked as to the effect of this supporting testimony. Any charge on that subject would have been on the weight of the evidence and specially called attention to the testimony of the complaining witness and this testimony in support of it. No reversible error was committed under the circumstances in not charging thereon.

The appellant has called our attention to the fact, in what he calls his supplemental assignments of error filed long after the adjournment of the court, that the sentence of the appellant, instead of being for burglary, with which he was charged and convicted, and the judg-

ment of conviction and verdict so showed, that he was sentenced for assault with intent to murder. This, of course, was an error, but as the indictment, charge, verdict and judgment thereon clearly show that he was convicted for burglary instead of assault with intent to kill, under the statute the final sentence will be set aside and this court will, and does now here direct and require that the sentence shall be so made and changed as to show that he was and is sentenced for burglary, instead of an assault with intent to murder. With this correction, there being no reversible error presented, the judgment is affirmed.                                            *Affirmed.*