ALEX FAMBROUGH V. MRS. DAVID WAGLEY ET AL.

No. 8036.  Decided March 24, 1943.
(169 S. W., 2d Series, 478.)

*Frank Sparks,* of Eastland, *Floyd Jones* and *D. T. Bowles,* of Breckenridge, for petitioner.

The Court of Civil Appeals erred in reversing and remanding this case and by holding that the closing argument of appellee's counsel was improper and reasonably calculated to prejudice the rights of the appellant, and presumably did so. Also in holding that the trial court should have limited all testimony relating to the title to land in controversy to the issue only of malice on the part of the accused, and in holding that no issue of defense of property was raised to which issue of title was material. Texas & Pac. Ry. Co. v. Short, 62 S. W. (2d) 995; Southern Underwriters v. Yocham, 140 S. W. (2d) 341; Ochoa v. Winerich Motor Sales Co., 127 Texas 542, 94 S. W. (2d) 416.

*Grisham & Grisham,* of Eastland, for respondents.

In answer to petitioners proposition. Gulf Casualty Co. v. Archer, 118 S. W. (2d) 976, 980; Dallas Ry. & Term. Co. v. Smith, 42 S. W. (2d) 794; Mooers v. Hunter, 67 S. W. (2d) 860.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This case has quite a history. In the criminal prosecution relating hereto, Fambrough was twice convicted, and both convictions were appealed. Fambro v. State, 139 Texas Crim. Rep., 480, 141 S. W. 2d) 354, and Fambro v. State, 142 Texas Crim. Rep. 473, 154 S. W. (2d) 840. It will be noted that the name in the criminal prosecution was spelled *Fambro,* while the name in this civil suit is spelled *Fambrough.*

This suit was filed in the District Court of Stephens County by Mrs. Dave Wagley, surviving wife of Dave Wagley, deceased, and A. L. Wagley and Annie Wagley, father and mother of the deceased, against Alex Fambrough, to recover damages, actual and exemplary, for the alleged unlawful, wrongful and malicious killing of Dave Wagley by Alex Fambrough. Fambrough defended on the ground that he killed Dave Wagley in his own necessary self-defense. Trial in the district court, where the case was submitted to a jury on special issues, resulted in a verdict and judgment for Fambrough. This judgment was reversed and this cause remanded to the district court for a new trial by the Eastland Court of Civil Appeals. 163 S. W. (2d) 1072. Fambrough brings error.

It appears from the record before us that Fambrough was the record owner of certain lots in the abandoned townsite of Wayland, in Stephens County, Texas. Dave Wagley seems to have been in possession of such lots as the tenant of a third party. Fambrough went on the lots for the purpose of removing some tubing and rods from a water well located thereon. Fambrough claimed that such properly belonged to him. Dave Wagley ordered Fambrough to leave the premises, and in the difficulty which ensued Fambrough killed Dave Wagley by shooting him with a gun.

During the trial of the case Mrs. Wagley et al introduced in evidence the title papers under which the landlord of Dave Wagley claimed. Also Fambrough introduced in evidence his title papers. At the close of the evidence, and at the proper time, Mrs. Wagley et al requested the trial court to give the following special charge to the jury:

"Testimony with reference to title matters have been admitted before you, which testimony is here limited, and you will consider same for the purpose of determining the issue as to whether the Defendant acted with malice, and you will consider it upon no other issue."

The above charge was refused by the trial court. The opinion of the Court of Civil Appeals holds that such refusal constituted reversible error.

As already stated, Mrs. Wagley et al sued Fambrough for damages, actual and exemplary, resulting from his having killed

Dave Wagley unlawfully, wrongfully, and maliciously. Fambrough defended on the ground that he committed the homicide in his own necessary self-defense. The evidence raised an issue of fact on that defense. It is settled by our decisions that, with the exception of the rule of evidence which gives to a person accused of crime the benefit of a reasonable doubt, the law of self-defense is the same in both civil and criminal cases. Marsh v. Walker, 48 Texas 372, 4 Tex. Jur. p. 984 et seq., and authorities there cited.

■ It is settled by the decisions of our Court of Criminal Appeals that, in the trial of a criminal case, motive or malice is one of the main issues to be tried. It is further held by such court that it is not necessary to limit testimony only going to prove a main issue in the case, such as defendant's motive and malice in the commission of the alleged offense for which he is on trial. Hall v. State, 31 Texas Crim. Rep. 565, 21 S. W. 368; Brown v. State, 24 Texas App. 170, 5 S. W. 685; Hudson v. State 28 Texas App. 323, 341, 13 S. W. 388; Leeper and Powell v. State, 29 Texas App. 63, 69, 14 S. W. 398; Malcek v. State, 33 Texas Crim. Rep. 14, 10, 24 S. W. 417; Hamilton v. State, 41 Texas Crim. Rep. 644, 652, 56 S. W. 926; Terry v. State, 45 Texas Crim. Rep. 264, 76 S. W. 928; Jenkins v. State, 59 Texas Crim. Rep. 475, 478, 128 S. W. 1113; Wilson v. State, 60 Texas Crim. Rep. 1, 129 S. W. 613; Harrelson v. State, 60 Texas Crim. Rep. 534, 543, 132 S. W. 783, 786; Millican v. State, 63 Texas Crim. Rep. 440, 140 S. W. 1136; 1142; Mitchell v. State, 65 Texas Crim. Rep. 545, 144 S. W. 1006, 1010; Boyd v. State, 67 Texas Crim. Rep. 541, 150 S. W. 612; Brock v. State, 68 Texas Crim. Rep. 533, 151 S. W. 801; Mims v. State, 68 Tex. Crim. Rep. 432, 153 S. W. 321; Gradington v. State, 69 Texas Crim. Rep. 595, 155 S. W. 210. The rule in the trial of civil cases is the same. Missouri Pac. Ry. Co. v. Johnson, 72 Texas 95, 10 S. W. 325; 24 Tex. Jur. p. 581, sec. 97.

■ Any rule than the one above announced would make it necessary for the trial court to single out each item of testimony in the record, and charge the jury for what purpose it could be considered. Manifestly, such a requirement would extend charges to an unreasonable length. Also, such a requirement would lead to many reversals, because it would be almost impossible to comply therewith without violating the rule against comment on the weight to be given to the testimony. Rule 272. The rule just mentioned specifically prohibits the

trial judge from including in his charge any "comment on the weight of the evidence." The very requested charge here under consideration violated this rule. If it had been given, it would have instructed the jury that it must consider the evidence on title matters for the purpose of determining the issue of defendant's malice. There is no escape from this conclusion, because the requested charge says: "and you will consider same for the purposes of determining the issue as to whether defendant acted with malice, * * *." Leach v. State, 46 Texas Crim. Rep. 507, 81 S. W. 733; Santee v. State, Texas Crim. App., 37 S. W. 436; Hudson v. State, 43 Texas Crim. Rep. 420, 66 S. W. 668; Reese v. State, 44 Texas Crim. Rep. 34, 68 S. W. 283; Cavaness v. State, 45 Texas Crim. Rep. 209, 74 S. W. 908; Cortez v. State, Texas Crim. App., 74 S. W. 907. Of course, "When evidence is introduced for a special purpose that is not competent upon the main issue, it is the duty of the court in the charge to confine its consideration to the particular issue upon which it is relevant." Missouri Pac. Ry. Co. v. Johnson, supra. Such a charge, however, must be so framed as not to comment on the weight of evidence. For the reasons stated, the trial court did not err in refusing to give the limiting charge above quoted.

■ One of Fambrough's attorneys made the following argument to the jury:

"Now, Gentlemen of the Jury, when you return your verdict, we ask you to do so as you would have it done if Mr. Fambrough occupied the places that you occupy and you were on the outside, out here in the place that Mr. Fambrough occupies."

Mrs. Wagley et al promptly objected to the above argument as improper, and requested the court to instruct the jury to disregard it. The court in effect overruled the objection, and Mrs. Wagley et al excepted. The opinion of the Court of Civil Appeals holds that the above argument was improper and constitutes reversible error. Such ruling is presented here for review. Before deciding whether or not the above argument constitutes reversible error, we think it proper to review the principal authorities. Such authorities are the same as are reviewed in the opinion of the Court of Civil Appeals.

In Rio Grande, E. P. & S. F. R. Co. v. Dupree (Com. App.), 55 S. W. (2d) 525, it was held that the following argument was not improper:

"Gentlemen of the Jury, * * *. Remember that when you render your verdict, to do unto others as you would have them do unto you."

In Texas & P. Ry. Co. v. Short (Civ. App.), 62 S. W. (2d) 995 (writ refused), it was held that the following argument did not constitute reversible error:

"Give her what you would have under the Golden Rule, or treat her as you would wish to be treated under the same or similar circumstances."

The decision that the above argument did not constitute reversible error was expressly based on the holding in the Dupree case, supra. This Court refused writ of error, thereby approving the holding.

In Southern Ice & Utilities Co. v. Richardson, (Civ. App.), 60 S. W. (2d) 308, Richardson and wife sued Southern Ice & Utilities Co. for damages for personal injuries sustained by the wife. It was contended by the Richardsons that Mrs. Richardson had been caused to miscarry as a result of her injuries. The defendant's attorney stated to the jury in his argument that, "This case ought to be before a justice of the peace." Plaintiffs' attorney stated in his argument:

"Gentlemen, I say that this is a case that should require the attention of a jury of Eastland County. I say the striking down a human life, even in its inception, is something that should address itself to the intelligent minds of this jury of twelve men. How would you feel about it if it was your wife and under the circumstances?"

The Court of Civil Appeals condemned the above argument, but held that under the decision in the Dupree case, supra, it did not constitute error.

This Court granted writ of error, and reversed the judgment of the Court of Civil Appeals on other grounds than the one under discussion here. 95 S. W. (2d) 956 (Com. App.). As to the question of improper argument, the opinion of the Commission says:

"While the Court of Civil Appeals condemns the argument as improper, it was constrained by the holding as interpreted by it upon a somewhat similar state of facts in the case of Rio Grande, E. P. & S. Ry. Co. v. Dupree (Texas Com. App.) 55 S. W. (2d) 522, to overrule the assignment.

"The argument there involved carried no direct appeal to the jurors to put themselves in the place of the litigant in considering the injury. It was more in the nature of a general appeal to the jurors to apply the golden rule. It is not necessary to further discuss the distinguishing features of the case, as the argument will doubtless not recur upon another trial."

In Texas Coca Cola Bottling Co. v. Lovejoy (Civ. App.), 112 S. W. (2d) 203 (writ dismissed), Lovejoy sued the Bottling Company for damages for personal injuries resulting to his wife on account of ground glass in a bottle of Coca Cola, purchased and drunk by her. Lovejoy's attorney made the following argument to the jury:

"You gentlemen, in arriving at your verdict, should put yourselves into Mr. Lovejoy's shoes and consider how you would feel in the event it were your wives who had been damaged to the extent that Mrs. Lovejoy has been damaged."

The Court of Civil Appeals held the above argument reversible error, even in the absence of an exception at the time. The Court of Civil Appeals also found other error in the record in the Lovejoy case. The judgment was reversed and the case remanded. This Court dismissed the application for writ of error, thereby holding that the judgment of reversal and remand was correct, but not approving the opinion.

Ochoa v. Winerich Motor Sales Co., 127 Texas 542, 94 S. W. (2d) 416, was an action for damages to a girl, caused by her being struck by an automobile belonging to Winerich Motor Sales Company. Counsel for plaintiff made the following argument to the jury:

"Any of you men if you have got children just figure yourselves in that position. You saw that child's injury. Do you think there is any—do think that any of you men want to have a thing like that on your left leg? That is not a boy there—that is a little girl."

This Court held that the above argument did not constitute reversible error, citing, among other authorities, the Dupree case, supra.

In Texas & N. O. R. Co. v. McGinnis, 130 Texas 338, 109 S. W. (2d) 160, this Court had before it a case wherein McGinnis was suing the railroad for damages for personal injuries resulting from the negligence of the railroad. Counsel for McGinnis made the following argument to the jury:

"It is important to answer every question the Court has submitted to you, and to answer that question according to the law and the evidence. And when you have done that—and poor Christopher Lee McGinnis sitting, trembling, weeping, with all his manhood gone—at least you can say, 'we have been fair, we have simply treated him as we would expect to be treated.' And I think it is all we can ask you to do, gentlemen; but I do ask you to do that, gentlemen. And I thank you."

This Court held that the above argument did not constitute reversible error.

Metropolitan Life Ins. Co. v. Moss, 109 S. W. (2d) 1035, was a suit wherein the insurance company sought to cancel a life insurance policy on the life of Ira B. Moss. The defendants resisted the suit of the insurance company, and brought a cross action to recover on the policy. In his argument to the jury, counsel for Mrs. Moss said:

"Gentlemen of the Jury: and you, Mr. Anderson, (Mr. I. L. Anderson being one of the jurors) there sets the widow and orphaned children of Ira D. Moss (indicating Mrs. Daisy R. Moss, widow of Ira B. Moss, and Ira B. Moss, Jr., and Caroline Moss Reeder, the children of Ira B. Moss, all of whom were seated in the courtroom and within view of the jury) and I ask you to do for them what you would have done for you in this case."

The above argument was held to be reversible error, and the case was reversed and remanded therefore.

After a careful review of the above authorities we have reached the conclusion that the argument made in this case, above quoted, was improper, and under the facts of this record presents reversible error. In the Dupree case, supra it was

held that an argument which merely asks the jury to follow the golden rule was not improper, because such rule would require the jury to look with equal solicitude to the rights of both plaintiff and defendant. To our minds, the argument used in this case amounts to a direct appeal to the jury to consider the case from an improper viewpoint, in that its effect is to ask the members of the jury to put themselves in the defendant's place, and answer the issues submitted to them in Fambrough's favor, if they would want Fambrough to answer such issues in their favor if positions were reversed and Fambrough was on the jury and the members of the jury were defendants in the case. We think, further, that none of the authorities above cited and discussed can be construed as upholding the argument used in this case.

Further discussing the above argument, we are of the opinion that it is not of such a nature that its harmful effect could not have been removed, had the trial court sustained the exception thereto offered at the time the argument was made, and properly instructed the jury not to consider it. In this connection, we think that when the argument was excepted to, in the presence of the jury, at the proper time, and the exception, in effect, overruled in the presence of the jury, the jury could easily have drawn the conclusion that it was proper.

■ The opinion of the Court of Civil Appeals contains a rather extended discussion of certain of our present briefing rules. We do not deem it necessary to here enter into any extended discussion of these rules. It is sufficient to say that we find no difficulty in interpreting and applying them. Our present briefing rules were adopted for the purpose of simplifying the briefing of cases so that greater attention will be devoted to the presentation of the merits of the appeal, and less attention given to the mechanics of the brief. The object of a "point" in the brief, as provided for in Rule 418, is to call the Court's attention to the questions raised and discussed in the brief. It is intended that the "point" shall be short or in few words. It is not necessary that a "point" be complete within itself, in the sense that it must, on its face, show that the matter complained of presents reversible error. If a "point" is sufficient to direct the Court's attention to the matter complained of, the Court will look to the "point" and the statement and argument thereunder to determine the question of reversible error.

Simply stated, the Court will pass on both the sufficiency and the merits of the "point" in the light of the statement and argument thereunder.

Very clearly the brief of appellants in this instance is unreasonably long. Furthermore, it violates our briefing rules in several very material particulars. We think, however, that the Court of Civil Appeals was correct in holding appellee's brief in this instance sufficient to present the "points" that it passed on.

Because of the improper argument indulged in by counsel for Fambrough, above quoted, the judgment of the Court of Civil Appeals, which reverses the judgment of the district court, is affirmed.

Opinion delivered March 24, 1943.