**Edgar GLOOR, Appellant,**

v.

**RICHARD GILL COMPANY et al., Appellees.**

**No. 12731.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 10, 1954.

Rehearing Denied Dec. 8, 1954.

Carsner & Carsner, Victoria, R. G. Harris, San Antonio, for appellant.

E. G. Bradley, House, Mercer & House, Brewer, Matthews, Nowlin & Macfarlane, San Antonio, Stofer, Proctor, Houchins & Anderson, Victoria, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Edgar Gloor against Richard Gill Company (there were other defendants not necessary to mention here), seeking to recover the sum of $4,200, which he alleges Richard Gill Company promised to pay to him but never did. The

trial was to the court without the intervention of a jury and resulted in judgment that plaintiff take nothing, from which judgment Edgar Gloor has prosecuted this appeal.

■ Appellees' first counter-point is to the effect that we should not consider this appeal because appellant has not properly set forth any point of error in his brief. Appellant's points are defective in that they do not direct our attention to the errors relied upon by appellant, Rule 418, T. R. C. P., but when such points are considered in connection with the statement and argument thereunder we are able to determine the matters complained of. Under the rule laid down in Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482, "the Court will pass on both the sufficiency and the merits of the 'point' in the light of the statement and argument thereunder," we have decided to consider appellant's brief.

■ Appellees' second counter-point is to the effect that the evidence shows as a matter of law that appellant did not suffer the damages for which he sues. If this counter-point is sustained the judgment of the trial court should be affirmed, and any other possible questions raised by appellant become immaterial.

The evidence is largely stipulated and shows that W. E. Crawford, on November 12, 1940, executed and delivered to J. W. Crawford a note in the principal sum of $4,200 secured by a mechanic's and materialman's lien on several lots, one of which is Lot No. 11, in Block No. 3, of the Re-subdivision of Hillcrest Addition to the City of Victoria, Texas. On the same date J. W. Crawford transferred and assigned the $4,200 note, together with the mechanic's and materialman's lien securing its payment, to the Temple Lumber Company. Thereafter, on April 23, 1942, W. E. Crawford conveyed said Lot No. 11, Block No. 3, to appellant, Edgar Gloor, by deed reciting the payment of $475 in cash and the assumption by Gloor of the payment of the $4,200 mechanic's and materialman's lien note. Appellant, desiring to re-finance this

obligation, applied for an F.H.A. loan through the Richard Gill Company, and thereafter executed and delivered his promissory note in the principal sum of $4,200, payable to the order of the National Life & Accident Insurance Company in monthly installments, which note expressly recited that it was secured by a deed of trust of even date therewith, and further recited that, "The indebtedness secured hereby is in renewal and extension, and not in extinguishment of that certain existing indebtedness described as follows: One certain promissory note dated November 12, 1940, in the principal sum of $4,200.00, executed by W. E. Crawford, secured by a mechanic's and materialman's lien contract dated November 12, 1940, * * *" and that the payment of such note was assumed by Edgar Gloor in a deed executed by W. E. Crawford to appellant. The original W. E. Crawford note, so assumed by appellant together with the lien securing its payment, was duly assigned and transferred by the Temple Lumber Company to National Life and Accident Insurance Company by written assignment dated May 12, 1942.

On May 14, 1942, the appellee, Richard Gill Company,—issued a check in the sum of $4,200, payable to the order of R. Rivers Mizell and Edgar Gloor, and transmitted the same to Mizell at Victoria, Texas. R. Rivers Mizell was the person to whom Gloor made his application for an F.H.A. loan and there is a dispute here, whether Mizell was the agent of Richard Gill Company or perhaps the agent of Gloor at the time he took the application for the loan, but as we view the case it makes no difference whose agent he was. It is apparent that Temple Lumber Company was ultimately entitled to the proceeds of this check and there is no contention here by appellant that it did not receive such proceeds.

Mizell thereafter misled Gloor into thinking that his application for a loan had not been granted, and that he was not a satisfactory owner of the property and it would probably be necessary for him to transfer the property to some owner who would be satisfactory.

Thereafter, on November 16, 1942, Gloor, joined by his wife, conveyed the property to C. E. Roberts, by written deed duly recorded, in which Roberts agreed to pay the balance remaining unpaid on the $4,200 note theretofore executed by Gloor. Negotiations were then instituted by appellant for a release of personal liability on the indebtedness owing to the National Life and Accident Insurance Company as evidenced by the above mentioned note. The Insurance Company, on February 12, 1943, released appellant and his wife from personal liability on the above described $4,200 note.

Thus appellant ended up without the house and lot but released from the payment of the $4,200 note.

If Mizell had told appellant the truth about his loan going through, we may presume that he would not have sold his home to C. E. Roberts, but would have had the proceeds of the loan paid over to the Temple Lumber Company, which had surrendered the note to the Insurance Company, and appellant would have owned his home subject to the payment of the note he had executed to the Insurance Company. Instead, Mizell signed the check sent him by Richard Gill Company, both for himself and for Edgar Gloor and cashed it. Gloor never received the money, but he was later relieved from the payment of the $4,200 note, as it had been assumed by C. E. Roberts, and Gloor and his wife had been released by the Insurance Company from all personal liability on the note.

If appellant suffered any damage by reason of the entire transaction it was the loss of his bargain in buying the house and lot. He has been relieved from paying the $4,200 note, and he is not now entitled to recover the money which the Insurance Company advanced upon the note, and that is what he is here seeking to recover.

Appellant testified that he still owes W. E. Crawford the sum of $4,200. If he does, the record shows clearly that it did not arise out of this transaction. The note he agreed to pay was transferred by W. E. Crawford to Temple Lumber Company and by it to National Life and Accident Insurance Company, and that company has released appellant from all liability on that indebtedness.

There can be no doubt but that Mizell did wrong in signing appellant's name to the check which he received from Richard Gill Company, but this fact does not entitle appellant to recover the proceeds of the check. The check was sent as a consideration for the $4,200 note which Gloor had signed, and that note had been assigned to the Insurance Company by Temple Lumber Company. When Gloor asked to be relieved from the payment of the note and such request was granted by the Insurance Company which had furnished the money, he had no right thereafter to demand the proceeds of the check.

The judgment of the trial court is affirmed.