CARTE BLANCHE, Appellant,

v.

Virgil W. JOHNSON, Appellee.

No. 4061.

Court of Civil Appeals of Texas.

Eastland.

June 17, 1966.

Rehearing Denied July 15, 1966.

Arthur C. Steere, Houston, for appellant.

Hallie W. Gill, Houston, for appellee.

WALTER, Justice.

Carte Blanche filed suit against Virgil W. Johnson on a contract as provided for under Rule 185, Texas Rules of Civil Procedure, to which Johnson filed a sworn denial as provided for by said rule. In a non-jury trial the court rendered a judgment that the plaintiff take nothing by its suit. The plaintiff has appealed.

Appellant's points are as follows:

"The Trial Court erred in granting Appellee's Motion for a 'Take Nothing' judgment, following plaintiff's or appellants' *qualified or contingent* 'rest', because all or any of Appellants' evidence was sufficient to support a preponderance in favor of this Appellant, such action by the Trial Court being contrary to both the law and the evidence."

"The entire case of the Plaintiffs below was tried under a 'misconception' and a 'misapprehension' in both the Plaintiffs and the Court (Judge), as to both the law and the facts applicable (both the facts and the law applicable thereto)."

"The trial judge was under a duty to 'shift the burden of proof', or "Shift the burden of persuasion', or shift to the defendant 'the burden (duty) of going forward with the evidence.' "

"The Trial Judge was under a duty to read both the Motion for New Trial and the Amended Motion for new Trial, to examine the authorities cited therein, to admit them into evidence and consider them as a part of a continuing trial, and grant the relief prayed for therein (re-open the case for further consideration on the merits.)"

Rule 418 T.R.C.P. provides that points will be sufficient if they direct the attention of the court to the error relied upon. We are inclined to believe that these points are too general to be considered proper points under the rule. However, we will consider such points for the reasons set forth in Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (Sup.Ct.). In Davis v. Gilmore, 244 S.W.2d 671, (Ct.Civ.Apps., writ ref. 1951) at page 674 the court said:

"The sworn account was met by a sworn denial which required appellees to establish their account by legal and competent evidence independent of the aid of Rule 185, Texas Rules of Civil Procedure."

The court found that Carte Blanche failed to establish its case by legal and competent evidence. The record supports such conclusion.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.