## PEOPLES STATE BANK OF SHEPHERD

v.

## W. Sale LEWIS, Savings and Loan Commissioner of Texas, et al.

### No. 12831.

Court of Civil Appeals of Texas, Austin.

Nov. 15, 1978.

Rehearing Denied Dec. 5, 1978.

Barry K. Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

John L. Hill, Atty. Gen., Thomas M. Pollan, Asst. Atty. Gen., Austin, for W. Sale Lewis.

Thomas H. Lee, Gary C. Johnson, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for Livingston Savings and Loan Association.

SHANNON, Justice.

Livingston Savings and Loan filed an application with the Savings and Loan Commissioner of Texas to establish a branch office in Shepherd, San Jacinto County, Texas. The Commissioner, after hearing, entered an order approving the branch office.

Appellant, Peoples State Bank of Shepherd, Texas, one of two protestants before the Commissioner, filed suit in the district court of Travis County to set aside the order of the Commissioner. The other protestant, Trinity Valley Savings and Loan Association, filed an answer in the district court disclaiming any further interest in the proceeding. After trial, the district court rendered judgment affirming the Commissioner's order. We will affirm the judgment of the district court.

Appellant's point of error is that the district court erred in rendering judgment affirming the Commissioner's order for the reason that the order was not supported by substantial evidence. Although appellant does not particularize by point of error

which of the ultimate issues were not supported by substantial evidence, an examination of appellant's brief indicates an attack on the Commissioner's finding (g): that there existed a public need for a branch savings and loan office in Shepherd. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943).

Appellant's brief is a measured criticism of Livingston's presentation of its case before the Commissioner. Contrary to the usual practice, Livingston did not employ an economist to collect economic data bearing upon the ultimate issues to be determined. Instead, Livingston's case consisted primarily of testimony of its president, Bob Belt; the manager of a title company, Jackie Manuel; and two real estate and insurance men, James Sewell and J. A. McDaniel. These witnesses appeared at the hearing armed more with opinion than with fact, and more than once, Livingston's case nearly foundered when appellant's objections to unsupported opinion testimony were sustained. Nevertheless, an examination of the entire record shows that Livingston managed to place into the record substantial evidence in support of the need for the branch.

Examination of Bob Belt showed that very little factual basis existed for some of his conclusions. This was particularly true with respect to his conclusions about the definition and population of the community to be served. Nonetheless, the Commissioner accepted, as was his right, Belt's testimony concerning the location of the community to be served by the proposed branch office. Most of San Jacinto County and a part of Polk County are included in the community. The towns in the community are Goodrich, Shepherd, and Coldspring. The only probative evidence of population growth in the community to be served is a United States Census Estimate which showed that the population of San Jacinto County grew from 6,702 on April 1, 1970 to 8,400 on July 1, 1975. Belt's testimony was that persons residing in the community could patronize the branch office.

Belt testified that Livingston made loans and had depository customers in the community in question. Livingston's loan activity in the community in question is described as follows: in 1973, six loans for a total of $94,000; in 1974, nine loans for a total of $173,000; in 1975, nine loans totaling $223,000; in 1976, thirteen loans for a total of $424,000; and in the two months of 1977 prior to the hearing, five loans totaling $152,000. At the time of the hearing Livingston had fourteen loan commitments in the area aggregating $292,000. The total amount of savings deposits with Livingston from the community in question on February 11, 1977 was $659,000.

Livingston views San Jacinto County as a "loan outlet." Belt testified that Livingston's deposits increased by $4,000,000 and Livingston was able to lend approximately $2,000,000. Livingston's intention is to lend its excess funds in the proposed community. The proposal appears feasible because there are no lending institutions actively soliciting long-term home mortgage loans in San Jacinto County. The lack of interest in the loan market of the area may be explained partially by the fact that there are no savings and loan associations or branches in San Jacinto County or in the community to be served by the proposed branch. There are two banks in that community: one in Coldspring and the other in Shepherd.

Jackie Manuel, the manager of a title company in Coldspring, testified that the number of real estate transactions was increasing in San Jacinto County. Her observation was that most of the long-term loans were handled by financial institutions outside San Jacinto County.

James Sewell was permitted to testify, over objection, that based upon his past experience with financial institutions and his residence in San Jacinto County, there was a need for a branch office of a savings and loan association in Shepherd.

J. A. McDaniel testified that in the fifteen to eighteen months preceding the hearing, there had been approximately forty-five ". . . starts and completes [*sic*] of new housing units in the immediate and

surrounding area of Shepherd." Qualified owners have difficulty in obtaining long-term loans for building those houses from area savings and loan associations, with the result that a large part of McDaniel's time is consumed in obtaining long-term financing for the construction of homes on tracts which he sells.

An appeal from an order of the Savings and Loan Commissioner is governed by the substantial evidence rule. A statement of the law relating to judicial review of the Commissioner's order is found in a recent opinion of this Court, *Mutual Building and Loan Association v. Lewis,* 572 S.W.2d 771 (Tex.Civ.App., 1978), and need not be repeated.

We agree with appellant that there is not much evidence supporting public need for the branch office. Appellees, on the other hand, remind this Court that the Su-

preme Court has held that ". . . it has not taken much evidence under our decisions to qualify as substantial." *Lewis v. Metropolitan Savings and Loan Association,* 550 S.W.2d 11, 13 (Tex.1977). Under the facts of this case, this Court would have probably reached a different result from that of the Commissioner. Even so, there is substantial evidence supporting the Commissioner's order, and it therefore follows that the Commissioner's order should be given effect.

The judgment is affirmed.