**J. D. NEWSOME, Howard Kantor, Lewis Kantor d/b/a a partnership, Troup Packing Company, Appellants,**

v.

**George GROGAN, Mrs. George Grogan, John Carter d/b/a a partnership, Carter Farms Quality Meats, Appellees.**

No. 1319.

Court of Civil Appeals of Texas, Tyler.

May 15, 1980.

Blake Bailey, Wellborn, Houston, Bailey & Perry, Henderson, for appellants.

Weldon McFarland, Tyler, for appellees.

SUMMERS, Chief Justice.

This appeal is from a take-nothing judgment on a suit upon an alleged sworn account. The central question is whether or not Dr. and Mrs. George Grogan, or either of them, are liable as partners with John Carter for items purchased by John Carter from J. D. Newsome, Howard Kantor and Lewis Kantor, a partnership, doing business as Troup Packing Company.

Suit was originally instituted by one of the plaintiffs, J. D. Newsome d/b/a Troup Packing Company, against defendants John Carter and Mrs. George Grogan d/b/a Carter Farms Quality Meats, and said plaintiff took a judgment by default against defendant John Carter, individually, for the full amount of the alleged account, namely $15,768.67 plus attorney's fees in the amount of $5,000.00 and costs. Mrs. Grogan, the other defendant at that time, filed a verified answer which included a written denial of the justness of the account and subsequently an amended answer and cross-claim which included a general denial, a denial that she was a partner, a denial of the justness of the account and a cross-action for reimbursement and indemnity from defendant Carter.

Thereafter, new parties were added by plaintiff's amended petition, and the action became a suit in which J. D. Newsome, Howard Kantor and Lewis Kantor d/b/a a partnership, Troup Packing Company, sued George Grogan, Mrs. George Grogan and John Carter d/b/a a partnership, Carter Farms Quality Meats, upon said account. In response to plaintiffs' pleadings, defendant Dr. George Grogan filed an answer which included a general denial and a written denial under oath stating that the account is not just and true and that the account is not one between him and the plaintiffs.

Plaintiffs Newsome, Kantor and Kantor, doing business as Troup Packing Company, proceeded against defendants Dr. George Grogan and Mrs. George Grogan seeking recovery upon a petition which was supported by the affidavit of one of the plaintiffs couched in the language of Rule 185, T.R.C.P., but with no itemization of the alleged account in the petition nor attached by exhibit thereto.

After a jury trial, the trial court entered a judgment in accordance with the jury's verdict that plaintiffs recover nothing from the defendants Mrs. George Grogan and Dr. George Grogan. It is from this adverse judgment that plaintiffs have appealed.

We affirm.

Evidence adduced shows that Dr. George Grogan and John Carter became partners in Carter Quality Meats, and according to the testimony of John Carter such partnership continued until April 16, 1977.

The business of the Carter Farms partnership was carried on at a plant in Gladewater, Texas. Such partnership purchased meat from Troup Packing Company, a business then owned and operated by one Carl Sieber during the period from 1976 until January 1977, at which time Sieber closed down his operation and ceased to operate as Troup Packing Company; there was no indebtedness owing by the Carter Farms partnership at that time to Sieber's Troup Packing Company.

Thereafter, Mr. Sieber leased his packing plant to plaintiffs Newsome, Kantor and Kantor under a lease-purchase agreement, and said plaintiffs began their operation under the name of Troup Packing Company on or about March 15, 1977. Sometime prior to March 15, 1977, John Carter moved all the boning operation from its partnership location in Gladewater to Hawkins, Texas. This was done pursuant to an agreement and understanding with Dr. Grogan that he, Carter, could take the boning operation to Hawkins, run it as his own separate boning business there, and be solely responsible for that operation as his own business. As a part of their agreement, Dr. Grogan agreed to sublease to Carter a building which he (Grogan) had under lease in Hawkins, the rental payment to be based on a percentage of the gross sales. Mr. Carter established an individual account of his own under the name of "Carter Farms Meat Market" at the First State Bank in Hawkins for handling the business of his boning operation there; the only signatures authorized for such account were those of Mr. and Mrs. John Carter.

During the three-week period from March 15, 1977 to April 7, 1977, John Carter, operating his own boning operation in Hawkins, placed several orders with plaintiffs Newsome et al. (operating as Troup Packing Company) for the purchase of meat. The plaintiffs received payment for two of such orders, each dated 3–31–77, by a check dated 4–7–77, in the amount of $11,373.36, drawn by Mr. Carter on his individual account at the Hawkins bank and payable to Troup Packing Company. Invoices representing two subsequent orders, dated April 5 and April 7, 1977, for a total amount of $15,768.67, were not paid and are the basis of this suit.

Plaintiffs predicate their appeal upon a single point of error alleging that the "district court erred in not awarding a judgment to plaintiffs based on the jury's verdict." This point is a general one and is insufficient to direct our attention to any particular reason why judgment should have been rendered in the plaintiffs' favor.

*Permian Corporation v. Trumbull Asphalt Company of Delaware*, 472 S.W.2d 555, 560 (Tex.Civ.App.—Corpus Christi 1971, no writ). While such point is not in direct compliance with Rule 418, T.R.C.P., requiring specificity in directing the court's attention to those grounds relied on for reversal, it has been established that even though the point be too general, if the statement, argument and authorities under the point do point out the particular things that are claimed to constitute reversible error, the appellate court will consider them. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943); *Airport Coach Service, Inc. v. City of Fort Worth*, 518 S.W.2d 566, 573 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.); *Hudson v. Buddie's Super Markets, Inc.*, 488 S.W.2d 143, 146 (Tex.Civ.App.— Fort Worth 1972, no writ). It therefore follows that where the point is general, it is only those particular grounds of error pointed out in the statement, argument and authorities that will be considered under such point of error. *Missouri-Kansas-Texas Railroad Co. v. McFerrin*, 291 S.W.2d 931, 941 (Tex.1956); *Airport Coach Service, Inc. v. City of Fort Worth*, supra at 573; *Hudson v. Buddie's Super Markets*, supra at 147.

Under this general point, the plaintiffs in their brief take the position that the partnership of George Grogan and John Carter d/b/a Carter Quality Meats had been dissolved; that notice of such alleged dissolution was not given to plaintiffs J. D. Newsome, Howard Kantor and Lewis Kantor, a partnership d/b/a Troup Packing Company; and that Tex.Rev.Civ.Stat.Ann. art. 6132b, sec. 35 (dealing with the power of a partner to bind the partnership to third persons after dissolution) should be applied.

■ The jury found that Dr. George Grogan and John Carter were partners in Carter Farms Quality Meats on April 5 and April 7, 1977 (the dates of the purchases in question); that Mrs. George Grogan and John Carter were not partners in Carter Farms Quality Meats on April 5, and April 7, 1977; that subject purchases were made by John Carter as an individual and not on behalf of a partnership with Dr. George

Grogan or Mrs. George Grogan; and that Troup Packing Company did not rely upon Dr. or Mrs. Grogan being partners with Carter in extending credit to John Carter for the purchases in question. The plaintiffs have not in any manner questioned the sufficiency of the evidence to support these jury findings and therefore are bound by them.

■ It is well settled that upon appeal a case will not be reviewed on a theory different from that on which it was pleaded and tried in the court below. *American Mutual Liability Ins. Co. v. Parker*, 144 Tex. 453, 191 S.W.2d 844, 848 (1945); *Askey v. Power*, 36 S.W.2d 446, 449 (Tex.Com.App.1931, holding approved); *Phillips v. Inexco Oil Co., Inc.*, 540 S.W.2d 546, 550 (Tex.Civ.App. —Tyler 1976, writ ref'd n. r. e.). The plaintiffs alleged in their pleading that the defendants were partners d/b/a Carter Quality Meats, and the jury found that a partnership existed with Dr. George Grogan and John Carter as partners on the date of the purchases in question. Under the record before us there were no pleadings or issues raised in the trial court regarding a dissolved partnership, and defendant is not now in position for the first time on appeal to urge this change in theory. We do not consider that Article 6132b sec. 35 supra is applicable under the facts of the case at bar.

Having considered the statement, argument and authorities in plaintiffs' brief, we find the point of error to be without merit, and the same is overruled. The judgment of the trial court is affirmed.